## LEDERER, Collector of Internal Revenue, v. PEARCE.

(Circuit Court of Appeals, Third Circuit. June 14, 1920. Rehearing Denied June 23, 1920.)

No. 2549.

Internal revenue ⚖=8—Property bequeathed under power of appointment held not taxable as part of testator's estate.

Under Estate Tax Act Sept. 8, 1916, § 202 (Comp. St. § 6336½c[a]), imposing a tax upon the transfer of property in which a decedent dying after passage of the act has an interest, which is subject to payment of charges against his estate and to distribution as part of his estate, and under the law of Pennsylvania, by which property passing under the exercise of a power of appointment, passes under the will of the donor of the power, and not as property of the donee, property bequeathed by a testator dying after passage of the act, under a power of appointment contained in the will of another, who died prior to its passage, held not subject to tax, although the last testator made the property, together with his own estate, subject to payment of his debts, where, not being required for such purpose, the orphans' court distributed it directly to the appointees.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by John W. Pearce, Executor of Alfred Pearce, against Ephraim Lederer, Collector of Internal Revenue for the First Dis-

trict· of Pennsylvania. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 262 Fed. 993.

Charles D. McAvoy, U. S. Atty., and Robert J. Sterrett, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff in error.

Arthur U. Bannard, of Philadelphia, Pa., for defendant in error.

E.. Bartram Richards and Thomas Raeburn White, both of Philadelphia, Pa., amici curiæ.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

WOOLLEY, Circuit Judge. This is a suit brought against a Collector of Internal Revenue to recover taxes assessed and collected on the theory that property passing under a general power of appointment, exercised by a testator, constituted a part of his estate, and was, as such, liable for an estate tax under the Act of September 8, 1916, c. 463, 39 Stat. 777, as amended by the Act of March 3, 1917, c. 159, 39 Stat. 1002, and the Act of October 3, 1917, c. 63, 40 Stat. 324.

Elizabeth Pearce, dying before the passage of the act, bequeathed certain of her property to trustees with direction that they divide it into equal parts and pay the income therefrom, under spendthrift trusts, to her several children for the terms of their respective lives; and, in the event of the decease of any one of her children, she (further disposing of her property by the same will) gave, devised and bequeathed the principal of that part of her estate to the income of which the child so dying had been entitled while living, "unto such person or persons for such uses and purposes  *  *  *  as may be set forth and declared in any last will and testament" that such child might make.

Alfred Pearce, a son of Elizabeth Pearce, dying after the passage of the act, seized of an estate of his own and possessed of the recited power of appointment, left a will whereby he provided for the payment of his debts and also for the payment of sundry legacies in excess of his own estate, and exercised the power of appointment by *including* "in the dispositions" of his will the share of the principal of the mother's estate to which the power related.

From John W. Pearce, executor of the will of Alfred Pearce, the Collector of Internal Revenue demanded payment of an estate tax assessed on property which included that which was the testator's own and that with reference to which he had as donee of the power made appointments. John W. Pearce, being also trustee under the will of Elizabeth Pearce, the donor of the power, resisted payment of part of the taxes on the contention that the property which passed under the power to the appointees of Alfred Pearce, the donee, was the property of Elizabeth Pearce, the donor; that it passed not under his will but under hers; and that, not being "subject to distribution as part of his estate," his estate was not liable for the tax. Failing to impress the Collector with this position, the executor of Alfred Pearce paid the tax under protest, and, after the usual formalities brought

this action to recover the same. Judgment was rendered for the executor and the Collector sued out this writ of error. 262 Fed. 993.

There is but one question in this case, and this question, when considered with reference to the facts out of which it arises, is fraught with little difficulty. It is: Whose property passed under the power, property of the donor or of the donee? Upon the answer to this question the law acts with no uncertainty.

By Section 201 of the applicable act (39 Stat. 777), a tax, equal to given percentages of the value of the net estate, is "imposed upon the transfer of the net estate of every decedent dying after the passage of this act."

In order to obtain a net estate of a decedent as a basis for taxation, Section 202 directs how his gross estate shall first be determined, by providing that it shall include the value of all property,

"(a) To the extent of the interest therein of the decedent at the time of his death which, after his death, is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate."

The gross estate of a decedent being thus ascertained, Section 203 provides, by allowing sundry deductions therefrom, how the net or taxable estate shall be determined. Lederer v. Northern Trust Co., 262 Fed. 52 (C. C. A. 3d).

As the tax is imposed upon *the transfer of property* in which a decedent *dying after the passage of the act* has an *interest* which is *subject to distribution as part of his estate*, it is clear that if the property which passed under the exercise of the power of appointment in this case was the property of Elizabeth Pearce, the donor of the power, and as such was subject to distribution as part of her estate, her estate is not liable for the tax, because she died before the passage of the act; and, although Alfred Pearce died after the passage of the act, neither, in such event, is his estate liable, because "at the time of his death" he had no "interest" in the property "which, after his death," was "subject to the payment of the charges against his estate and the expenses of its administration and [was] subject to distribution as part of his estate," unless he made it such, within the Pennsylvania law, when, upon exercising the power of appointment, he included the property of the power in his testamentary dispositions.

From the form of the Federal Estate Tax Act, it is evident the Congress intended that the act should operate not in opposition to but in harmony with the many different state acts with which, because of its very terms, it would come into contact. Lederer v. Northern Trust Co. (C. C. A.) 262 Fed. 52. Therefore in creating an estate tax, the Congress very wisely leveled the tax at that property of decedents which is subject to distribution as part of their estates according to the laws of different states (Section 202), after deducting therefrom such expenses, claims and charges against estates as are allowed by the laws of the states under which they are administered. (Section 203). Thus it appears that the Federal Estate Tax may reach property in one state when it would fail to reach like property in another, according as the laws of distribution and administration vary in dif-

ferent states. The law of the state being the test of the valid assessment of the tax against given property, our inquiry is therefore directed to the law of Pennsylvania to determine whose property passed on the exercise of the power of appointment in this case, and under whose estate was the property distributed.

.The rule in England is that a donee of a power takes a beneficial interest in the property of the power, and, upon the exercise of the power, the property becomes a part of his estate, subject to his debts like his other property in preference to the claims of legatees or appointees. 2 Sugden on Powers (6th Ed.) c. 8, § 3, pars. 6 and 7; Powell on Powers (2d Ed.) 366; Lassels v. Lord Cornwallis, 2 Vern. 465; Thomson v. Town, 2 Vern. 319; Hinton v. Toye, 1 Atk. 465; Shirley v. Ferrars, 2 Atk. 172, 2 Ves. 289, 7 Ves. Jun. 503; Jinney v. Andrews, 6 Madd. 264. The English doctrine was rejected in Pennsylvania by the Supreme Court in Commonwealth v. Duffield, 12 Pa. 277, and, upon an opinion by Chief Justice Gibson, a new rule was established to the effect, that a donee of a power is vested with no interest in its subject matter and therefore conveys none by the exercise of the power; that on the exercise of a power by the donee property passes by the will of the donor as part of his estate, not as part of the estate of the donee; and that the appointees of the donee of the power derive title immediately from the donor.

The plaintiff does not challenge this rule. Indeed, he admits that by this rule, if applicable, the property in question passed under the will of Elizabeth Pearce, the donor of the power, and was not liable for the Federal Estate Tax. But he contends that because, in this particular case, the donee in exercising the power included the property of the power in his will and made it liable for the payment of his debts, he thereby "blended" the property of the power with property of his own and made it "part of his estate," and, accordingly, made it liable for the Federal Estate Tax.

The doctrine of "blending," upon which alone the plaintiff relies in this case, has not, so far as we have been informed, been directly passed upon by the Supreme Court of Pennsylvania, but it has been considered (though diversely regarded) by the Orphans' Courts of different counties in that Commonwealth. The learned trial judge has discussed this doctrine at length, 262 Fed. 993, giving to the Pennsylvania cases, so far as they have arisen, an analysis in which we discern no weakness. He held in effect that the Pennsylvania rule as announced by Chief Justice Gibson prevails even against the doctrine of blending where the donee of a power in its exercise makes provision for the payment of his debts out of the property of the power, on the principle that under such an exercise of a power by a testator the appointment is to creditors, not to the estate, and that creditors take not qua creditors but qua appointees; and that the property passes to creditor appointees, not from the donee through his estate, but from the donor through his estate; just as under the general rule it passes to appointees designated by name, though described here by class.

We have been much impressed by the reasoning of the learned trial judge upon the application of this rule of Pennsylvania law to the

facts of this case; yet, as it involves an interpretation of a rule of state law, we hesitate, as a Federal court (in the absence of pronouncement by the state Supreme Court), to express an opinion either approving or disapproving the opposite views of county courts,—the only state courts that have expressed themselves,—when there is in the case one fact, which, standing apart and alone, determines the case.

The Orphans' Court of Philadelphia follows a rule—with which, apparently, the doctrine of blending had its rise—that the mere direction by a testamentary donee of a power to pay his debts with the property of the power is sufficient to blend the estates and cause property under a general power of appointment to become part of and to pass through the estate of the donee (Stokes' Estate, 3 Pa. Co. Ct. R. 193; Horner's Estate, 4 Pa. Co. Ct. R. 189), though in the absence of such direction the property of the power would not so pass. Regarding this rule as applicable to this case, the Orphans' Court first awarded the property of the power here in question to John W. Pearce, executor of the will of Alfred Pearce, the donee, for administration under his estate. By later and final adjudication, the Orphans' Court, on being presented by the executor of Alfred Pearce with an account which did not include any portion of the property of the power and on being shown that Alfred Pearce's own estate was more than sufficient to pay his debts, amended the previous adjudication and awarded the property of the power not to the executor of the will of Alfred Pearce for distribution, but directly to his appointees.

As to facts, this was a holding that the property which passed under the exercise of the power was not property in which the donee testator had an "interest," and was, therefore, not property "subject to distribution as part of his estate"; but was the property of the donor of the power and as such was subject to distribution as part of her estate. As to the law, it was a holding (upon an interpretation of its own doctrine of blending) that the doctrine did not apply in a case where, like this one, the donee's own estate is sufficient to pay his debts. As this decision of the Orphans' Court—a court of competent jurisdiction whose judgment we regard as binding upon us—put out of the case the doctrine of blended estates, the general rule of law as pronounced by the Supreme Court of Pennsylvania through Chief Justice Gibson returns to control our decision. We think the Collector was entirely correct in admitting that under this rule, if applicable, the property in question was not liable to an estate tax. We find the rule applicable.

The judgment below is affirmed.