[L. A. No. 7190.   In Bank.—August 1, 1922.]

In the Matter of the Estate of CHARLOTTE BOWDITCH, Deceased. SOPHIE F. BAYLOR, as Administratrix, etc., et al., Appellants, v. JOHN S. CHAMBERS, as Controller, et al., Respondents.

[1] INHERITANCE TAX—PROPERTY OUTSIDE OF STATE—POWER OF TESTAMENTARY DISPOSITION—EXERCISE IN STATE—LIABILITY TO TAX.— Where a resident of another state by his will probated therein bequeathed certain personal property situated in such state to trustees, who were also residents thereof, with direction to pay the net income derived therefrom to his daughter during her life, and, upon her death, to convey the *corpus* and remainder of the property to such person or persons, and in such way or manner as the daughter should direct by her will, the transfer of the property under the power of appointment exercised by the daughter in her will was not subject to the tax imposed by subdivision 6 of section 2 of the California Inheritance Tax Law of 1917 (Stats. 1917, p. 880), although the daughter exercised the power under her will which was probated in this state, since the property had acquired no *situs* herein, either actual or constructive.

APPEAL from an order of the Superior Court of Santa Barbara County decreeing payment of an inheritance tax. S. E. Crow, Judge. Order vacated.

The facts are stated in the opinion of the court.

Richards, Heaney & Price and Frank M. Angellotti for Appellants.

Erwin P. Werner, Karl R. Levy and Ralph W. Smith for Respondents.

LENNON, J.—The administratrix with the will annexed of the estate of Charlotte Bowditch, deceased, and certain legatees and devisees under said will, appeal from an order decreeing, among other things, that an inheritance or succession tax be paid on account of the purported transfer under said will of certain personal property valued at

Succession tax on property appointed by deed under power of appointment, note, 5 A. L. R. 183.

$299,260.66. The uncontradicted material facts pertinent to the point presented on the appeal are these:

J. Ingersoll Bowditch, who died in the year 1889, was a resident of the state of Massachusetts, where his will was admitted to probate and his estate distributed. By his will the property here involved was bequeathed to certain trustees in trust, to pay the net income derived therefrom to Charlotte Bowditch during her life and, upon her death, to convey the *corpus* and remainder of said property "to such person or persons, and in such way or manner as such child [Charlotte Bowditch] shall direct in and by . . . her last will, if any." In accordance with this testamentary direction, the trustees under the will of J. Ingersoll Bowditch paid the income from the property to Charlotte Bowditch during her lifetime, and, upon her death, transferred the property to certain persons named in her will, accepting the latter instrument as a proper exercise of the power of appointment created in her favor by the will of J. Ingersoll Bowditch. At all times herein mentioned all of said trustees were residents of the state of Massachusetts and it is stipulated that the property itself always remained physically within that state. Charlotte Bowditch, however, was a resident of the county of Santa Barbara, state of California, continuously from the date of the execution of her will, August 7, 1912, to the day of her death, September 3, 1919.

The order from which the present appeal is taken decrees that the transfers of the said trust property to the persons named in the will of Charlotte Bowditch are taxable under subdivision 6 of section 2 of the California Inheritance Act of 1917 (Stats. 1917, p. 880), which provides, in part, that "Whenever any person, trustee or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this Act, such appointment, when made, shall be deemed a transfer taxable under the provisions of this Act, in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will." It is appellants' contention that the transfers in question are not taxable by the state of California.

Of prime importance in all cases concerning the determination of the jurisdiction to impose an inheritance tax is the fundamental proposition that a tax of that character is a tax upon the right or privilege of succeeding to property. "The so-called right of inheritance and also the right of testamentary disposition are not inherent rights of the individual, nor are they safeguarded or secured *in futuro* by any provision of our constitution. They are both subject to legislative control and are creatures of legislative will. Consequently the legislature has the power to take away both rights and to make the state the successor to all property upon the death of the owner. The right and power to impose a succession tax rests on this principle." (*Estate of Potter*, 188 Cal. 55 [204 Pac. 826].) In other words, the tax is imposed and is sustainable upon the theory that a state which confers the privilege of succeeding to property may attach thereto the condition that a portion of the property shall be contributed to that state. (*In re Wilmerding*, 117 Cal. 281, 284 [49 Pac. 181].) Necessarily, then, and concededly, a succession to property effected entirely independently of the authority of a particular state is not taxable by that state and is not within the purview of our inheritance tax acts.

[1] Applying this jurisdictional test to the present case, we are confronted with the fact that, by the will of a resident of Massachusetts, probated in Massachusetts, trustees, also residents of Massachusetts, were authorized to convey certain personal property situated in Massachusetts as directed by the will of Charlotte Bowditch, who died a resident of California. The ultimate question, therefore, is whether the will of Charlotte Bowditch, *in so far as the exercise of this power of appointment is concerned,* is governed by the laws of California.

The law in this respect is stated in *Estate of Clark,* 148 Cal. 108, 112 [113 Am. St. Rep. 197, 7 Ann. Cas. 306, 1 L. R. A. (N. S.) 996, 82 Pac. 760, 761], as follows: "Every state has plenary power with respect to the administration and disposition of the estates of deceased persons as to all property of such persons *found within its jurisdiction.* Thus the courts of a state may and do grant original probate upon wills of deceased nonresidents who leave property within that state. In California this is expressly pro-

vided for by section 1294, *supra,* and the rule as to other states is the same. . . . But the limitations of the operation of this principle would also be recognized, namely, that this exercise of original jurisdiction over the estates of non-residents affects, and can affect, only the property within the state. The judgment admitting the will to probate is valid in all other states only as to the property within the jurisdiction of the court pronouncing the judgment. It has no extra-territorial force, establishes nothing beyond that, and does not dispense with nor abrogate the formalities and proofs which may be exacted by other jurisdictions in which the deceased also left property subject to their laws of administration.'' It is obvious that the exercise of the power of appointment in the will of Charlotte Bowditch is governed by and dependent upon the laws of California only in the event that the personal property which is the subject of the said power is within the jurisdiction of this state. As previously stated, the personal property here involved is not *actually* within the state of California. Neither is it *constructively* within this state, under the doctrine of *mobilia sequuntur personam.* ''That maxim [*mobilia sequuntur personam*], universally applied in the jurisdiction of all civilized nations, is that *the personal estate of a decedent,* wherever it may in fact be located, is, for the purposes of succession and distribution, deemed to have no other locality than the domicile of the decedent.'' (*Estate of Hodges,* 170 Cal. 492 [L. R. A. 1916A, 837, 150 Pac. 344].) But personal property which is the subject of a power of appointment does not acquire a constructive *situs* in the state of the domicile of the donee of the said power under this theory, for such property *is no part of the estate of the donee.* ''When a donor gives to another power of appointment over property, the donee of the power does not thereby become the owner of the property. The donee has no title whatever to the property. The power is simply a delegation to the donee of authority to act for the donor in the disposition of the latter's property.'' (*Shattuck* v. *Burrage,* 229 Mass. 448 [118 N. E. 889]; *United States* v. *Field,* 255 U. S. 257 [18 A. L. R. 1461, 65 L. Ed. 617, 41 Sup. Ct. Rep. 256]; *Walker* v. *Treasurer,* 221 Mass. 600 [109 N. E. 647].) Therefore, for the purpose of testamentary succession and distribution, the property here involved has

acquired no *situs* in this state, either actual or constructive, and the laws of Massachusetts alone control the transfer thereof under the will of Charlotte Bowditch.

Even if the will were accepted in Massachusetts as a valid exercise of the power of appointment because executed in accordance with the laws of California, that result would follow solely because of and under the laws of Massachusetts. It would be entirely competent for the state of Massachusetts to authorize a transfer of the property in accordance with an appointment in a will invalid under the laws of California. (*Sewall* v. *Wilmer*, 132 Mass. 131.)

The precise question presented in this case has not frequently arisen and the cases which have decided the point are somewhat in conflict. However, the view above expressed is apparently in accord with the weight of authority. A case almost identical with the present case in its facts, and arising under an inheritance tax law in every material respect the same as ours, is *Walker* v. *Treasurer, supra*. In that case a resident of Maryland left personal property to trustees in Maryland by a will probated in that state. The will directed the trustees to pay the income to the wife of the testator during her life and, upon her death, to pay the principal to persons designated by her will. The donee of the power, who was domiciled in the state of Massachusetts at the time of her death, exercised the power of appointment in a will admitted to probate in Massachusetts. The supreme judicial court of Massachusetts held that the transfer was not subject to an inheritance tax imposed by the state of Massachusetts, for the reason that both the physical and constructive *situs* of the property was in the state of Maryland and no necessary incident of the transfer depended for its efficacy upon the laws of Massachusetts.

For similar reasons we hold that the transfer of the property under the power of appointment exercised by Charlotte Bowditch in her will is not subject to an inheritance tax in this state.

The order appealed from is vacated, with instructions to the court below to enter an order in accordance with the foregoing opinion.

Shaw, C. J., Myers, J., *pro tem.*, Waste, J., Richards, J., *pro tem.*, Sloane, J., and Lawlor, J., concurred.