This action originated in the county court of Creek county, Okla., in the matter, of the estate of Montfort Jones, deceased, wherein the said county court, acting under its probate jurisdiction, is proceeding to administer the estate of Montfort Jones, deceased, within the state of Oklahoma, and to make distribution of said estate as provided by law and by the terms of the will of the deceased filed therein for probate. The plaintiff in error, A.S.J. Shaw, State Auditor, filed therein his application for citation directed to the respondents, and prayed the said court, upon a hearing, to fix and determine the value of the several shares of said estate to be distributed, to assess an inheritance or transfer tax on each of the shares, to require the executors to deduct said tax from the several shares before distribution and to pay the same over to the said A.S.J. Shaw, State Auditor, for the use and benefit of the state of Oklahoma, and for judgment for the total sum of $58,138.67. The defendants in error waived the issuance and service of citation and notice and entered their general appearance therein. The court thereupon ordered a hearing upon said application. Thereafter the said defendants in error filed their response to the application, wherein they admitted all the allegations of the petition, but alleged that certain property included in the application was not taxable under the laws of the state of Oklahoma. Upon the hearing of said application there was filed a stipulation as to the facts. Upon that statement of facts, judgment was rendered denying the plaintiff in error the right to assess and collect the state inheritance or transfer tax upon certain property transferred or to be transferred to the defendants in error. From that judgment the plaintiff in error appealed to the district court of Creek county. Upon hearing in the district court that court affirmed the judgment of the county court in toto, and from that judgment the plaintiff in error appealed to this court.
The record shows that Montfort Jones died on or about the 12th day of August, 1927, a resident of Washington, D.C., leaving an estate situated partly within the state of Oklahoma and partly without said state, to be distributed according to the terms of a will executed by the decedent while a resident of Bristow, Creek county, Okla., at Bristow, Okla., on July 24, 1916.
Said will was admitted to probate in the Supreme Court of the District of Columbia, the court of the domicile of the decedent, having jurisdiction thereof, and Bernard B. Jones, Robert L. Jones, and Elliott L. Jones, brothers of the deceased, were named executors of said estate.
In the ancillary proceedings in the county court of Creek county, Okla., an authenticated copy of said will was admitted to probate by that court. Robert L. Jones and Elliott L. Jones were appointed executors of the estate in Oklahoma. The executors returned an inventory of all the estate and property of the said decedent within the state of Oklahoma, and caused the same to be appraised by appraisers duly appointed by the county court of Creek county, Okla. All of the property was held subject to the state inheritance or transfer tax by the judgment of the district court and of the county court, and a tax was assessed thereon, except upon the personal property returned and listed, being the municipal bonds of the state of Oklahoma and the Liberty Bonds of the United States and the Supervisor's District No. 4 bonds of the county of Holmes, Miss.; and upon the transfer of this property, the court denied that the state of Oklahoma had imposed any tax. *Page 125 
The defendants in error admit in their answer that the securities have a taxable situs, but deny that there is any law of the state of Oklahoma levying a tax upon the transfer of such property.
There being no conflict as to the facts, this case presents a question of law only, and that question is the proper construction of the Oklahoma statutes in their application to facts similar to those in this case.
This being an application to subject the transfer of this property to taxation, the burden is on the plaintiff in error to show authority therefor. The rule applied in Oklahoma that all property is subject to taxation does not apply to inheritance or transfer tax. Such a tax is a creature of the Legislature, and a statute providing for such a tax is the only authority therefor.
Section 9891, C. O. S. 1921, provides for a tax upon the transfer to persons or corporations of property or any interest therein or any income therefrom:
"When the transfer is of tangible property in this state made by any person, or of intangible property made by a resident of this state at time of transfer. * * * "
The plaintiff in error contends that the tax, under section 9891, supra, is upon the transfer of "all property or interest therein or income therefrom." We cannot agree with that contention. In our opinion the section provides for a tax on the transfer of the property therein described and none other, and that it does not provide for a tax upon the transfer of intangible property made by a nonresident of this state at the time of the transfer.
In Re Estate of Harkness et al., 83 Okla. 107, 204 P. 911, this court, in discussing section 9891, supra, said:
"The latter provision shows clearly what is meant in the first provision. The first provision would seem to lay a tax upon any property or interest therein, but this is qualified in the latter provision and clearly defined to be the transfer of tangible property in this state or of intangible property by a resident of this state at the time of the transfer by will or the intestate laws of this state. Hence, under the provisions of the statute relied upon, the transfer of the specific items of property involved herein cannot be taxed by this state unless it is tangible property in this state or intangible property by a resident of this state and be transferred by will or the intestate laws of this state."
Plaintiff in error relies, to a considerable extent, upon the case of Blackstone v. Miller, 188 U.S. 205. Since the briefing of this case the Supreme Court of the United States, in Farmers' Loan Trust Co. v. State of Minnesota, 50 Sup. Ct. Rep. 98, decided January 6, 1930, has specifically overruled the doctrine announced in that case and has said:
"Blackstone v. Miller, supra, and certain approving opinions, lend support to the doctrine that ordinarily choses in action are subject to taxation both at the debtor's domicile and at the domicile of the creditor; that two states may tax on different and more or less inconsistent principles the same testamentary transfer of such property without conflict with the Fourteenth Amendment. The inevitable tendency of that view is to disturb good relations among the states and produce the kind of discontent expected to subside after establishment of the Union. The Federalist, No. VII. The practical effect of it has been bad; perhaps two-thirds of the states have endeavored to avoid the evil by resort to reciprocal exemption laws. It has been stoutly assailed on principle. Having reconsidered the supporting arguments in the light of our more recent opinions, we are compelled to declare it untenable. Blackstone v. Miller no longer can be regarded as a correct exposition of existing law; and to prevent misunderstanding it is definitely overruled."
The court further said:
"Taxation is an intensely practical matter, and laws in respect of it should be construed and applied with a view of avoiding, so far as possible, unjust and oppressive consequences. We have determined that in general intangibles may be properly taxed at the domicile of their owner, and we can find no sufficient reason for saying that they are not entitled to enjoy an immunity against taxation at more than one place similar to that accorded to tangibles. The difference between the two things, although obvious enough, seems insufficient to justify the harsh and oppressive discrimination against intangibles contended for on behalf of Minnesota."
Plaintiff in error contends that section 9856, supra, is in full force and effect notwithstanding the amendment which appears as section 9891, supra, and that under section 9856, supra, this transfer is taxable.
We cannot agree with that contention. Section 9856, supra, does not mention intangible property. Section 9891, supra, provides for a tax upon the transfer of intangible property made by a resident of this state at the time of the transfer. If section 9856, supra, provides for a tax upon the transfer of intangible property, then there was no occasion for the Legislature amending the statute to provide for a tax on the transfer of intangible property made by residents *Page 126 
of the state at the time of the transfer, and the inclusion of that provision in section 9891, supra, is a legislative construction of section 9856, supra.
We, therefore, hold that section 9891, supra, provides for a tax upon the transfer of intangible property made by a resident of the state at the time of the transfer, and that there is no provision for a tax on the transfer of intangible property made by a nonresident of the state at the time of the transfer. We think that there is nothing in section 9900, C. O. S. 1921, or section 9903, C. O. S. 1921, providing for a tax upon the transfer of such property.
The plaintiff in error contends that under section 9894, C. O. S. 1921, the property involved herein is tangible.
The question then arises what is tangible and what is intangible property? The Legislature has defined tangible property in section 9894, supra, and has said:
"The words 'tangible property' shall mean corporeal property, such as real estate, and goods, wares and merchandise. The words 'real estate, and goods, wares and merchandise' shall be construed to mean all property, real, personal or mixed, situated within the state of Oklahoma, or within its jurisdiction, and shares of stock, bonds, indebtedness of, or pecuniary interest in the property of any domestic or foreign corporations, associations, joint stock companies or trusts whose ownership is held or represented by shares, engaged solely in interstate commerce or business done within this state, and that proportion of the value of the property represented by the stock, bonds, indebtedness of, or pecuniary interests in the property of any domestic or foreign corporations, associations, joint stock companies, or trusts, whose ownership is held or represented by shares engaged in interstate or intrastate commerce, plus that portion of such business, done or property employed in this state in interstate commerce, bears to the total business done, or property employed; and in the case of transportation and transmission companies doing interstate as well as intrastate commerce in this state, that portion of the value of the stocks, bonds, indebtedness of or pecuniary interest in the property of any such corporation shall be deemed tangible, as the sum of the lines in this state bears to the entire extent of the lines operated by the corporation, association, joint stock companies, or trusts * * * to have a situs in this state for the purpose of this act."
And it has defined intangible property in section 9895, C. O. S. 1921, and has said:
"The words 'intangible property,' as used herein shall be taken to mean incorporeal property other than that named as tangible."
The property involved in this action is, under the legislative definition, intangible property.
A tax on the transfer of the property involved in this action is not authorized, for the reason that that property is intangible property and the transfer was made by a nonresident of the state at the time of the transfer.
The judgment of the district court of Creek county is affirmed.
HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., LESTER, V. C. J., and RILEY, J., absent.
Note. — See under (2) 26 R. C. L. p. 198; R. C. L. Perm. Supp. p. 5725.