Phillip A. NORRIS, Executor, of the Estate
of Josephine Norris, deceased,
Protestant, Plaintiff in Error,

v.

OKLAHOMA TAX COMMISSION of the
State of Oklahoma, Defendant
in Error.

No. 38216.

Supreme Court of Oklahoma.

Dec. 22, 1959.

As Corrected on Denial of Rehearing
March 7, 1960.

A. W. Trice, Ada, for plaintiff in error.

R. F. Barry, Oklahoma City, for defendant in error.

EDWIN W. DUDLEY, Special Justice.

This appeal is by the executor of the estate of Josephine Norris, deceased, from an order of the Oklahoma Tax Commission determining certain properties to be subject to estate taxes as a part of the assets of said estate.

P. A. Norris died November 26, 1942, testate. He bequeathed certain of his properties to a designated trustee, to be held in trust for twenty years from date of his

death. Upon expiration of said period the properties of said trust were to be delivered to certain persons in proportionate shares as designated in his will. It was provided in the will that Josephine Norris, his wife, receive one-third interest in the properties in trust should she be living at the expiration of trust period, and that she be given the right and privilege, if she so desired, to dispose of her above interest, by will to her children and their heirs, and to such other beneficiaries as she may deem best. All estate taxes assessed against the estate of P. A. Norris were paid.

On February 17, 1953, Josephine Norris died, testate, bequeathing that which she would have received under the P. A. Norris trust to her children.

It is argued by the Commission that the will of Josephine Norris transferred economic benefits upon her death that were not created under and did not pass under the will of P. A. Norris, and therefore the properties in trust are subject to estate tax under provisions of section 989e (A) (1) 68 O.S.A. which provides:

"(A) The value of the gross estate, used as a basis for a determination of the value of the net estate, shall be determined by including:

"(1) The value at the time of the death of the decedent of all property, real, personal, or mixed, whether tangible or intangible, of which the decedent died seized or possessed, within the jurisdiction of this State, and any interest therein, or income therefrom, including the homestead, in excess of Five Thousand ($5,000.00) Dollars, which shall pass to any person or persons, associations or corporations, in trust or otherwise, by testamentary disposition or by the laws of inheritance or succession of this or any other state or country; provided that, in determining the value of the gross estate of a non-resident of this State, there shall be excluded all intangible property."

It appears that the determining question is whether Josephine Norris died "seized or possessed" of said property, or clothed with a mere power of appointment as created by the will of P. A. Norris.

Therefore, we must look to the will of P. A. Norris to determine in whom the property was seized. Since under said will the property in controversy was bequeathed to the trustee for a period of twenty years from date of death, and since Josephine Norris died prior to the expiration of the twenty year period, she was not seized of the trust property. She could only become seized of the property upon her living until the expiration of the trust period. Prior to the end of the trust she had no power over the property whatsoever, except she could "will it to her children and to their heirs, and to such other beneficiaries as she deemed best." By the terms of the P. A. Norris will she was prohibited from having any other control over said properties. Her will naturally did not pass or transfer any of her interest unless she died prior to the expiration of the trust, and no economic benefits passed to her beneficiaries immediately upon her death. It was then necessary for these beneficiaries to be living themselves at the expiration of the trust period, and until said date these beneficiaries had no control over the properties. Therefore, we must conclude that she was not seized with the property. In re Dillingham's Estate, 196 Cal. 525, 238 P. 367.

Since our Act provides "seized or possessed" the words are used disjunctively and not conjunctively, therefore the transfer would be liable for taxation if Josephine Norris died "possessed" of the property, regardless of whether or not she died "seized" of said property. It is also to be noted that the Act provides that the transfer which is subject to the tax is not only the transfer of the property, but also "any interest therein." "Possessed" is a variable term, and has different meanings as it is used in different circumstances. The word possessed is the past tense of the word possess which is defined in Webster's International Dictionary, Second Edition, as "To Occupy; inhabit; to be lo-

cated or situated at. To have and hold as property; to have a just right to; to be master of; to own, as to possess lands, money, a horse, a watch." It was in this sense we think, that the word "possessed" was used by the Legislature in this Act, with the intent to indicate a character of ownership falling short of seizin.

The question involved herein is of first impression so far as this court is concerned, therefore we may look to decisions of courts of other jurisdictions in arriving at our conclusion. In re Bowditch's Estate, 189 Cal. 377, 208 P. 282, 23 A.L.R. 735, the Supreme Court of California had upon appeal, the question of whether a statute providing for tax on power of appointment could be assessed against personal property in the hands of a Trustee, a resident of and holding property in the State of Massachusetts, wherein the donee of the power exercised the power by will, and at the time of her death was a resident of California. This case is not exactly in point as to residents and as to statutory authority, however, it is of great benefit in determining whether the provisions in the will of P. A. Norris created a "power of appointment" in Josephine Norris, or caused her to be "seized or possessed" of a property interest.

In the Bowditch's Estate, supra, J. Ingersold Bowditch died leaving by will certain property which he bequeathed to trustees in trust, directing that net income derived therefrom be paid to Charlotte Bowditch during her life, and upon her death, to convey the corpus and remainder of said property "to such person or persons and in such way or manner as such child (Charlotte Bowditch) shall direct in and by * * * her last will, if any." Upon her death trustee transferred the property to the persons named in her will. The court in determining this question said at page 283 of 208 P.:

> "It is obvious that the exercise of the power of appointment in the will of Charlotte Bowditch is governed by and dependent upon the laws of California only in the event that the per-

sonal property which is the subject of the said power is within the jurisdiction of this state. As previously stated, the personal property here involved is not actually within the state of California. Neither is it constructively within this state, under the doctrine of mobilia sequuntur personam.

"'That maxim (mobilia sequuntur personam), universally applied in the jurisdiction of all civilized nations, is that the personal estate of a decedent, wherever it may in fact be located, is, for the purposes of succession and distribution, deemed to have no other locality than the domicile of the decedent.' In re Estate of Hodges, 170 Cal. 492, 150 P. 344, L.R.A.1916A, 837.

"But personal property which is the subject of a power of appointment does not acquire a constructive situs in the state of the domicile of the donee of the said power under this theory, for such property is no part of the estate of the donee.

"When a donor gives to another power of appointment over property the donee of the power does not thereby become the owner of the property. The donee has no title whatever to the property. The power is simply a delegation to the donee of authority to act for the donor in the disposition of the latter's property. Shattuck v. Burrage, 229 Mass. 448, 118 N.E. 889; United States v. Fields, 255 U.S. 257, 41 S.Ct. 256, 65 L.Ed. 617; Walker v. Treasurer, 221 Mass. 600, 109 N.E. 647."

In the case of Boston Safe Deposit & Trust Co. v. Johnson, 151 Me. 152, 116 A.2d 656, Edward K. Leighton died testate, leaving one-half of his estate in trust providing for the net income therefrom to be paid to his wife, and that she have full right and power to dispose of property in trust, upon her death, in any manner she chose, by making reference to that clause of the will. This is a power somewhat similar to that vested in Josephine Norris. In the above case the court held:

"Testamentary power of appointment of testator's widow was not 'property' or any interest therein passing to her, within inheritance tax law, and therefore was not subject to inheritance tax."

In Highfield v. Delaware Trust Co., 4 W.W.Harr., Del., 290, 152 A. 117, the court said:

"Trusts created subject to general power of appointment held within rule that property passing by appointment belongs to donor, not donee; hence, not liable for inheritance taxes as donee's property."

In the case of In re Fenner's Estate, 2 Utah 2d 134, 270 P.2d 449, the Supreme Court of Utah construed their gross estate statute, which is practically identical to the Oklahoma statute, and at page 452 of 270 P.2d we find the following language:

"The historical concept that property passes from the donor of the power to the appointee, the donee of the power acting as a conduit lacking ownership of the appointive property, is responsible for the exclusion of the donee's spouse and creditors in the appointive property they would normally have, in property owned outright by the donee. Further, in the absence of specific statutory treatment, appointive assets have generally not been included in the gross estate of the donee whether the tax is denominated an estate tax or an inheritance tax. United States v. Field, 255 U.S. 257, 41 S.Ct. 256, 65 L.Ed. 617; Emmons v. Shaw, 171 Mass. 410, 50 N.E. 1033; Commonwealth v. Duffield, 12 Pa. 277."

The court further stated:

"* * * Certainly a power of appointment—the right to designate a beneficiary of a bequest of property—is an interest in the property. In whose property is it an interest? Surely it is an interest in the property of the testator, of the person who created the power of appointment."

We also find this language which is controlling in this case:

"* * * and since our statutes do not provide for taxation of property passing under a power of appointment, Mrs. Fenner's estate is not taxable for property not owned by her during her lifetime."

See also In re Higgins' Estate, 194 Iowa 369, 189 N.W. 752; Lederer v. Pearce, 3 Cir., 266 F. 497, 18 A.L.R. 1466.

Our legislature, in enacting the first succession tax statutes, by express provision levied a tax on property subject to a power of appointment. Section 1 of House Bill 492, Session Laws 1907–1908, pages 733 and 734. The inheritance tax act has been amended from time to time by our legislature, and the legislature specifically repealed the section taxing powers of appointment by House Bill 572, Session Laws 1941, page 462.

It must be assumed that the clear legislative intent was that property passing by a power of appointment is not subject to inheritance tax under our present statutes.

Under the authorities above referred to we must conclude that Josephine Norris did not die "seized or possessed" of this property or any specific interest in said property. That the will of P. A. Norris vested title and possession to this property in the trustee for a period of twenty years from the date of his death. Josephine Norris could never own an interest in that specific property except the same not be sold by the trustee during the trust period, and that she be living at the end of said trust period. In view of those contingencies it is little more than mere speculation to assume or anticipate that she would ever receive any part of the said property, or any specific interest therein. At best, then she could be classed only as a contingent remainderman. Adams v. Dugan, 196 Okl. 156, 163 P.2d 227. The provision that she could will to whom she may deem best was a power of appointment,

since that was the fullest extent of her power over said property. Therefore the parties she appointed in her will to take said property would take from the donor, P. A. Norris, and not the donee Josephine Norris, and hence said property is not liable for inheritance tax as donee's property in the absence of a statute authorizing a tax on "power of appointment." Boston Safe Deposit & Trust Co. v. Johnson, supra, and Highfield v. Delaware Trust Co. et al, supra.

In the case of In re Jones' Estate, 147 Okl. 123, 294 P. 792, we held:

"On an application to subject the transfer of property to taxation the burden is on the applicant to show authority therefor."

And in the case of Pure Oil Co. v. Cornish, 174 Okl. 615, 52 P.2d 832, 835, we held:

"Statutes requiring or authorizing a levy of taxes are to be construed most strongly against the government and in favor of its citizens."

The Commission contends that Josephine Norris owned an interest in the property, but if she is said to be possessed with a power that it was a general power of appointment coupled with an interest. Newberry v. Walsh, 20 N.J. 484, 120 A.2d 242; Pennsylvania Company for Insurance on Lives and Granting Annuities v. Kelly, 134 N.J.Eq. 120, 34 A.2d 538, are cited as authority for this contention. In these cases the transfer of power was incomplete due to authority to change terms of trust, while in the case before us Josephine Norris had no authority to change the terms of the trust.

There are excerpts taken from several other cases and shown in the brief of the Commission, wherein it was held by courts that the general power of appointment there involved was regarded as equivalent to ownership, however, in each such instance the party vested with the power of appointment was vested with some type of control over the property during his or her lifetime. While here in this instance Josephine Norris had no power or control over the property other than a power of appointment by Will.

For the reasons hereinabove stated, we are of the opinion, and so hold, that the property in question did not pass from the donee, Josephine Norris upon her death, but passed from the donor, P. A. Norris, through her by power of appointment, and therefore is not subject to estate tax against the estate of Josephine Norris, since there is no statutory authority for assessment of tax upon a power of appointment.

 Therefore, the order of the Oklahoma Tax Commission assessing additional estate tax based upon "Power of Appointment Property" entered on March 3, 1958, is hereby reversed, and said Commission is directed to refund to protestant the amount so paid by him under protest, with interest thereon at the rate of three per cent per annum from date of payment under protest, in accordance with the provisions of Section 1474, Title 68, O.S.A.

Reversed with directions.

WELCH, HALLEY, JOHNSON and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.

WILLIAMS, V. C. J., and IRWIN, J., dissent.

DAVISON, C. J., having certified his disqualification in this case, Honorable EDWIN W. DUDLEY, Madill, Oklahoma, was appointed Special Justice in his stead.

IRWIN, Justice (dissenting).

In my opinion, the interests of Josephine Norris, Deceased, in the trust created by her husband, would be subject to the estate tax for the reason she died seized and possessed of an undivided beneficial interest in the trust during its term and a remainder in the principal of the trust upon its termination and final settlement.

In my opinion, we are not concerned with the legal title of the property during the term of the trust, but with what right, title and interest Mrs. Norris had, if any, in the

trust upon her death. Had the interests of Mrs. Norris terminated at her death, as a life estate would terminate, she would have no interests to devise or that would descend according to the Laws of Succession if she died intestate, and there would be no estate taxes; if she died seized and possessed of any interest in the trust which did not terminate upon her death, it would be subject to an estate tax. Therefore, the determining issue would seem to be: "Did Mrs. Norris die seized and possessed of an interest in the trust, or did her interest terminate upon her death?" This issue can be resolved only from the terms of the trust.

The trust was created for a period of twenty years from the date of death of Mr. Norris, and Josephine Norris, being a beneficiary, was seized and possessed of a beneficial interest in the trust for twenty years, and having such interest and by express provisions of the trust, was entitled to receive her proportionate share of three-fourths of the net income therefrom which the trustee, in its judgment deemed best to distribute. . Title 60 O.S.1951 § 175.3(K) provides, "Beneficiary" means any person entitled to receive from a trust any benefit of whatsoever kind or character. Mrs. Norris also was seized and possessed of a remainder in the principal of the trust on final settlement thereof. Paragraph (J) of the above section provides, "Remainderman" means the person ultimately entitled to the principal, and Mr. Norris' will provided that at the end of twenty years the trustee would deliver to the beneficiaries their proportionate share of the trust.

The will also provided that Josephine Norris had the right and privilege, if she so desired, to dispose of by will that part of said estate to which she would be entitled. By the express terms of her will, Mrs. Norris devised to her four children, in equal shares, "all that part of said trust * * * to which I would be entitled on final settlement of said trust estate at the expiration of the trust period therein provided, together with the income therefrom which might become payable to me, * * * in the event any of my said children above

named shall predecease me or shall survive me and shall thereafter die prior to the expiration of said trust * * * then the share of said property above devised by me to such deceased person shall pass to and be distributed to the surviving children of such deceased person per stirpes."

Each of Mrs. Norris' children, who were devisees in her will, are seized and possessed of a beneficial interest in the trust during its term and a remainder on the principal of the trust on final settlement. These interests are subject to defeasance for the reason if one of her children dies prior to the expiration of the trust, his or her proportionate interest or share will be distributed to the surviving children of such deceased persons per stirpes. The grandchildren of Mrs. Norris, (who would be the surviving children if a devisee should die) have a mere possibility of an estate as their interest is contingent on the death of a named heir. Although the devisees who will finally be entitled to receive her proportionate share of the trust on final settlement can not be definitely ascertained until the expiration of the trust, the fact remains, there will be distributed to the devisees of the will of Mrs. Norris her proportionate share of the principal of the trust on final settlement.

Having determined what interests the devisees in the will of Mrs. Norris took by virtue of her executing her will, we will now consider the devolution of these interests had she died intestate. I believe this determination is pertinent for the reason the terms of the trust placed no mandatory duty upon Mrs. Norris to dispose of her interests, only "the right and privilege if she so desired", and the trust did not provide for the disposition of her interest if she died intestate.

The only provision in the trust relating to the disposition of the interest of a deceased beneficiary of the trust is section 18, which provides: "In case of death of either of said beneficiaries, this Trust shall not thereby be terminated, but shall continue for its full term and on final settle-

ment with said Trustee, the Estate of the deceased beneficiary shall be paid as follows: "To any child or children then living, if any, of such deceased beneficiary, in equal parts. If there be no such child or children then living, then the same shall be divided and paid in equal parts to the surviving brothers and half brothers, sisters and half sisters of said beneficiaries, then living, and to the children then living of any deceased brother or sister, by right of representation."

If Mrs. Norris were embraced in this provision and had died intestate and all of her children had died prior to her death or before the expiration of the trust, her brothers or half brothers, sisters or half sisters would have succeeded to her one-third interest in the principal of the trust on final settlement to the exclusion of her grandchildren; if only one of her children dies, her entire interest would go to her three surviving children, to the exclusion of any child or children of a deceased child; if only one of her children is living at the expiration of the trust, he or she would have succeeded to her entire interest to the exclusion of the children of the three deceased children of Mrs. Norris. Under this provision the interest of the children of Mrs. Norris, who survived her, would be contingent on his or her being alive at the expiration of the trust and would be subject to absolute defeasance by his or her dying before the expiration of the trust, and the grandchildren of Mrs. Norris would be absolutely excluded from receiving any interest.

If all of the children of Mrs. Norris are living at the expiration of the trust and she is embraced in this provision, each devisee in her will will receive the same interest on final settlement of the trust as they would have received had she died intestate. Without question though, Mrs. Norris materially changed the devolution of her interest in the trust by the execution of her will for the reason her children or the surviving children of a deceased child would be entitled to her proportionate interest, whereas under this provision the surviving children of a deceased child were completely excluded.

It is apparent that it was not the intention of Mrs. Norris when she elected to take under the will of Mr. Norris to be embraced in this provision and it is equally apparent that it was not the intention of Mr. Norris when he executed his will. As a will must be construed according to the intention of the testator, I do not believe section 18, of Mr. Norris's will embraced the interest of Mrs. Norris, and in my opinion, if Mrs. Norris had died intestate, her interests would have survived her and become assets of her estate and would have descended according to the Laws of Succession and not under the terms of the will of Mr. Norris.

We will now consider the devolution of the interest of Mrs. Norris in the trust if she had died intestate and was not embraced in the provision relating to the disposition of the interest of a beneficiary who died prior to the termination of the trust. Since the interest of Mrs. Norris in the trust survived her death, it would become a part of her estate and descend according to the Laws of Succession.

The theory upon which inheritance and transfer taxes are imposed and sustained is that the state which confers the privilege of succeeding to property may attach thereto the condition that a portion of the property shall be contributed to the state. I do not believe it was the intention of the Legislature, nor did it enact laws, whereby interests in property which survive the death of the owner are exempted from the estate tax merely by the execution of a will, if the same property would be subject to the estate tax if it descended under the laws of inheritance and succession. Our laws make no such distinction or exemption.

For the foregoing reasons, it is my opinion that Mrs. Norris died seized and possessed of an interest in the trust which did

not terminate upon her death, and that her interests would be subject to the estate tax.

I therefore respectfully dissent.

I am authorized to state that WILLIAMS, V. C. J., concurs in the views herein expressed.