THE FARMERS' LOAN AND TRUST COMPANY, as Trustee
under the Will of FRANCES R. MORTIMER, Deceased,
Respondent, *v.* MARION C. MORTIMER et al., Respond-
ents, and NEW YORK FINANCE COMPANY et al., Appel-
lants, Impleaded with Others.

Will — power of appointment — such power must be exercised
in manner directed by the will and may not be exercised by grant
or by contract to make a will.

A power of appointment to be executed by will is in its nature
ambulatory and its exercise is intended to represent the final judg-.
ment of the donee. Such a power may not be exercised by grant
(Real Prop. Law [Cons. Laws, ch. 50], §§ 167, 168), nor can it be
executed by force of a contract to make a will; hence such a con-
tract controlling the exercise of the power is not enforceable in
equity.

*Farmers' Loan & Trust Co.* v. *New York Finance Co:*, 157 App.
Div. 915, affirmed.

(Argued October 13, 1916; decided November 21, 1916.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered March 23, 1914, affirming a judgment in favor of
plaintiff entered upon a decision of the court on trial at
Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*I. Newton Williams* and *Frederic W. Frost* for
appellants. The power of appointment given to John
Mortimer was a beneficial power and lawful, and he had
the absolute right to dispose of it by appointment, or by
last will and testament, as provided in his mother's will.
(*Cutting* v. *Cutting*, 86 N. Y. 536; *Crooke* v. *County of
Kings*, 97 N. Y. 458; *Farmers Loan & Trust Co.* v.
*Shaw*, 127 App. Div. 656; *Robinson* v. *Ommaney*, L. R.
[21 Ch. Div.] 780; *Matter of Gloucester's Estate*, 11 N. Y.

Supp. 899; *Edson* v. *Parsons*, 155 N. Y. 568; *F. L. & T. Co.* v. *Kip*, 192 N. Y. 266; *Wilkes* v. *Burns*, 60 Md. 64.) Courts will decree specific performance of a contract for an irrevocable will, where such will is made, where testator in fraud of his beneficiary, revokes such will. (*Parsell* v. *Stryker*, 41 N. Y. 480; *Matter of Gloucester*, 11 N. Y. Supp. 899; *Mutual Life Ins. Co.* v. *Halloday*, 13 Abb. [N. C.] 16; *Sherman* v. *Scott*, 27 Hun, 331; *Edson* v. *Parsons*, 155 N. Y. 568; *Naylor* v. *Shelton*, 143 S. W. Rep. 117; *Bush* v. *Whitaker*, 45 Misc. Rep. 77; *Goldstein* v. *Goldstein*, 35 Misc. Rep. 252; *Danby* v. *Maxford*, 244 Ill. 214; *Earl* v. *Peck*, 64 N. Y. 596; *Garwood* v. *T. & G. Co.*, 94 App. Div. 47; *Barnum* v. *Barnum*, 8 Conn. 469.)

*Frederick Geller, James F. Horan* and *Edward H. Blanc* for plaintiff, respondent. The power given by the will of Frances R. Mortimer to her son John Mortimer was limited to an appointment by last will and testament of John Mortimer; John Mortimer's last will and testament probated December 24, 1910, exercised the power and revoked all preceding wills and codicils made by him; neither those preceding wills and codicils, nor the agreements and considerations in view of which they were made, vested any title to or interest in the trust fund in the appellants. (*Cutting* v. *Cutting*, 86 N. Y. 522; *Matter of Moehring*, 154 N. Y. 423; *Crooke* v. *County of Kings*, 97 N. Y. 421; *Genet* v. *Hunt*, 113 N. Y. 158; *Woodbridge* v. *Brockes*, 59 App. Div. 503; 170 N. Y. 596; *Hirsch* v. *Bucki*, 162 App. Div. 659; *F. L. & T. Co.* v. *Shaw*, 127 App. Div. 656; *F. L. & T. Co.* v. *Polk*, 166 App. Div. 43.)

*Ernest G. Stevens* and *William B. Hill* for defendants, respondents. The appellants are all without any possible claim to any part of this fund. (*Cutting* v. *Cutting*, 86 N. Y. 522; *F. L. & T. Co.* v. *Shaw*, 127 App. Div.

660; *Matter of Kidd*, 188 N. Y. 274; *Austin* v. *Oakes*, 117 N. Y. 577; *Phalen* v. *U. S. Trust Co.*, 186 N. Y. 178; *Winne* v. *Winne*, 166 N. Y. 263.) John Mortimer had only a life interest in the income of this fund, and his creditors can have no claim to any part of the principal. (*Cutting* v. *Cutting*, 20 Hun, 360; *Blagge* v. *Miler*, 1 Story C. C. 445; *Reid* v. *Shergold*, 10 Ves. 370; *Pursell* v. *Stryker*, 41 N. Y. 480; *Hutton* v. *Benkard*, 92 N. Y. 295; *Ward* v. *Standard*, 82 App. Div. 393; *Newton* v. *Hunt*, 134 App. Div. 331; *Smith* v. *Boston & Albany R. R. Co.*, 99 App. Div. 597; *U. S. Trust Co.* v. *Chauncey*, 32 Misc. Rep. 369; *Cook* v. *Lowry*, 95 N. Y. 111; *Sweeney* v. *Warren*, 127 N. Y. 433; *Tilden* v. *Green*, 130 N. Y. 74; *N. Y. L. Ins. & T. Co.* v. *Livingston*, 133 N. Y. 128; *Cochrane* v. *Schell*, 140 N. Y. 534; *Matter of Moehring*, 154 N. Y. 427.) Creditors with wills purporting to be irrevocable, by contract with John Mortimer, have no superior claim to any part of this fund, and are not here entitled to relief against anybody. (*Sternaman* v. *M. L. Ins. Co.*, 170 N. Y. 13; *Pettinger* v. *Ambler*, L. R. [1 Eq.] 510; *Phalen* v. *U. S. Trust Co.*, 186 N. Y. 178; *Matter of Kidd*, 188 N. Y. 274; *Robinson* v. *Ommaney*, L. R. [23 Ch. Div.] 285; *Austin* v. *Oakes*, 117 N. Y. 577; *Sotheran* v. *Deming*, L. R. [20 Ch. Div.] 99; 1 Jarman on Wills [6th ed.], 837.) The power at bar is limited to be exercised by a last will. (*Johnson* v. *Louchet*, 37 L. J. Ch. [N. S.] 25; *Charlton* v. *Charlton*, L. R. [2 Ch. 1906] 523: *Isham* v. *Association*, 177 N. Y. 218; *Robinson* v. *Ommaney*, L. R. [21 Ch. Div.] 780.)

CARDOZO, J. The plaintiff, a trustee, brings this action for the settlement of its accounts. Frances R. Mortimer died in 1894. By her will she gave a share of her estate to the plaintiff in trust to apply the income to the use of her son John Mortimer, and upon his death to transfer the share to his lawful issue, "unless said John Mortimer

shall by his last will and testament otherwise direct." There follows a power of appointment in the following words: "I hereby authorize and empower the said John Mortimer to make such disposition of the share of my estate in the second paragraph of my will given to the Farmers' Loan and Trust Company for the benefit of himself and his children, by a last will and testament, or by appointment in the nature of a last will and testament, as he may desire, it being my wish that my said son John should have full power to dispose of said share after his death, notwithstanding the creation of said trust estate."

In 1905 John Mortimer procured $5,000 from the defendant New York Finance Company upon his covenant to exercise the power of appointment in favor of that company to the extent of $25,000 by an irrevocable will. At the same time he signed a will in accordance with his contract. Like contracts were made afterwards in favor of other defendants. As he made them, he signed codicils in which he exercised the power. His last codicil was made in 1909. In 1910 he made a new will. In it he revoked his former will and all the codicils. In execution of the power of appointment he gave his share of his mother's estate (with the exception of $500) in trust for his two children with remainder to the next of kin. Nothing was given to the defendant New York Finance Company. Nothing was given to other defendants, the holders of like contracts. The question is whether the contracts should be specifically performed.

We think specific performance was properly refused. The power of appointment was general and beneficial (Real Prop. Law [Cons. Laws, ch. 50], §§ 135, 136) but none the less, there were limitations upon the manner of its execution. It was to be executed not by deed, but by will, and a will in its very nature is ambulatory. The exercise of the power was to represent the final judgment, the last will, of the donee. Up to the last moment of his life he was to have the power to deal with the share as he thought

best (*Thacker* v. *Key*, L. R. [8 Eq.] 408; *Matter of Bradshaw*, L. R. [1 Ch. 1902] 436, 448). To permit him to bargain that right away would be to defeat the purpose of the donor. Her command was that her property should go to her son's issue unless at the end of his life it remained his will that it go elsewhere. It has not remained his will that it go elsewhere; and his earlier contract cannot nullify the expression of his final purpose. "It is not, I apprehend, to be doubted," says ROLT, L. J., in *Cooper* v. *Martin* (L. R. [3 Ch. App.] 47, 58), "that equity * * * will never uphold an act which will defeat what the person creating the power has declared, by expression or necessary implication, to be a material part of his intention." The remark is quoted by STIRLING, J., in *Matter of Parkin* (L. R. [3 Ch. 1892] 510, 517) and applied to a situation identical in essentials with the situation in the case at hand. To hold otherwise would not only be to nullify the will. It would also be to nullify the statute. The statute says that a power of appointment by will may not be executed by grant (Real Prop. Law, §§ 167, 168). For the same reason it cannot be executed by force of a contract to make a will, for such a contract, specifically performed under compulsion of the court, becomes the equivalent of a grant (*Wilks* v. *Burns*, 60 Md. 64). We hold, therefore, that whether the power be beneficial or in trust, a contract controlling its exercise is not enforcible in equity. That is the rule in England (*Matter of Parkin*, L. R. [3 Ch. 1892] 510; *Reid* v. *Shergold*, 10 Ves. 370; *Thorley* v. *Thorley*, 10 East, 438; *Coffin* v. *Cooper*, 2 Dr. & Sm. 367; *In re Bradshaw*, L. R. [1 Ch. 1902] 436). It is the rule in Maryland (*Wilks* v. *Burns*, 60 Md. 64). In our own state *Learned* v. *Tallmadge* (26 Barb. 443) supports the same conclusion.

The cases cited by the appellants are beside the mark. They do not touch the exercise of powers. They are cases where contracts to make a will of one's own estate have been specifically enforced. Even where such a con-

tract is made and broken, the later will is not invalid. Equity. does not set it aside, but charges the property of the promisor with a trust which adheres to it in the hands of executors and legatees (*Phalen* v. *U. S. Trust Co.*, 186 N. Y. 178; *Matter of Kidd*, 188 N. Y. 274, 279, 280). But in this case the subject-matter of the power is not the property of the promisor. It is the property of his mother. The promisor was not the owner of any legal estate. He was the beneficiary of a trust. In such circumstances a power of appointment does not involve that absolute power of disposition which is equivalent to a fee (*Farmers' L. & T. Co.* v. *Kip*, 192 N. Y. 266). · Those who take under this power have received nothing that was the property of John Mortimer. They hold nothing of his to be charged by equity with a trust. Whether there is a remedy at law against the promisor's estate is a question not before us. There is no remedy in equity against those who take under the power.

The judgment should be affirmed with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ., concur.

Judgment affirmed.