BOSTON SAFE DEPOSIT & TRUST CO. EXECUTOR, ET AL.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Knox.   Opinion, August 17, 1955.

*Perkins, Weeks & Hutchins,* for petitioners.

*Boyd L. Bailey, Asst. Atty. Gen.,* for State.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ. MR. JUSTICE TIRRELL sat at the time of argument and took part in conference but died before writing of the opinion.

WILLIAMSON, J.   This petition in equity by the Boston Safe Deposit and Trust Company, executor of the will of Edward K. Leighton, and the Good Will Home Association, and the President and Trustees of Bowdoin College, beneficiaries under the will, for abatement of inheritance tax is before us on report on a question of law from the Probate

Court. R. S., Chap. 142, Sec. 30 (1944) as amended, now R. S., Chap. 155, Sec. 33 (1954).

From the agreed statement of facts we find: Edward K. Leighton domiciled in Rockland, died testate in February 1953, and his will was duly probated in the Probate Court for Knox County. The value of the property passing into the trust under Paragraph Second of his will was $1,104,-979.64.

Paragraph Second of the will, with which we are concerned, provides in part as follows:

(1)   A trust of one-half of the probate estate for the benefit of the testator's wife, Winifred S. Leighton, with the net income of the trust to be paid to his wife during her lifetime;

(2)   ". . . and my said wife, Winifred S. Leighton, shall have full right and power to dispose of said trust property at her death in any manner she may choose, but no exercise of this power shall be considered valid unless specific and direct reference is made to this clause in my will."

(3)   Upon the failure of his wife so to dispose of the trust property at her death, one-half of the trust property was to be held in trust for the benefit of Good Will Home Association, and the other one-half in trust for the benefit of the President and Trustees of Bowdoin College, the two named beneficiaries, both of which are educational institutions organized and existing under the laws of Maine. Property passing to them is exempt from the inheritance tax.

Mrs. Leighton died in September 1953 without having exercised the testamentary power of appointment given her by Paragraph Second of his will.

The State Tax Assessor certified that an inheritance tax of $96,455.01 subject to federal audit, was due upon the estate. In computing the value of the property passing to Mrs. Leighton, the State Tax Assessor included the following item:

"½ net estate—power of appt. $1,104,979.64."

Thus, the State Tax Assessor taxed the entire value of the trust property under Paragraph Second as property passing from the testator to his widow.

At the testator's death the value of his widow's right to receive the income for life from the trust property under Paragraph Second, computed at her normal life expectancy despite the fact that she died within seven months, was $241,295.70.

As stipulated by the parties, the sole issue is whether or not the testamentary power of appointment contained in Paragraph Second is properly assessed and taxable as "property" or "any interest therein" passing to Mrs. Leighton.

The petitioners contend that the only property passing from the testator to his widow under Paragraph Second was the right to receive income during her lifetime and that the tax should be assessed only upon the maximum value thereof, or $241,295.70, and that the remainder in the trust fund passed to exempt charities. The position of the State Tax Assessor is that the full value of the "right and power" given the widow by Paragraph Second is taxable as property passing to her. In the petitioners' view the tax should be reduced from $77,556.91, representing the tax assessed on all property allegedly passing to the widow under the will, to $23,186.00, subject however to recomputation from circumstances not involved in the controversy.

The pertinent parts of the inheritance tax statute, now found in R. S., Chap. 155 (1954) and unchanged from the

statutes in effect at the date of the testator's decease, read as follows:

> "**Sec. 2. Property taxable; exemptions.** The following property shall be subject to an inheritance tax for the use of the state:
>
> "**I.** All property within the jurisdiction of this state and any interest therein belonging to inhabitants of this state . . . which shall pass:
>
> **A.** By will . . ."
>
> "**Sec. 43. Definitions.** Wherever used in sections 1 to 44, inclusive, . . . the word 'property' shall include both real and personal estate and any form of interest therein whatsoever, including annuities."

We are concerned only with an inheritance or succession tax upon the creation of the power of appointment by the testator's will. The failure of the widow to exercise the power and the passing of the trust property to beneficiaries with a tax exempt status have no bearing on the issue. The test is not what the widow did or failed to do, but whether the power of appointment was an interest in property under the inheritance tax statute. Further, the event which the State seeks to tax is the creation of the power in the widow, not the passing of the property to the beneficiaries taking in default of appointment.

> "It is well recognized that an inheritance tax is not a tax on property, as such, but is a tax on the privilege of receiving property by Will or inheritance."
>
> *MacDonald, Ex'r.* v. *Stubbs*, 142 Me. 235, 240, 49 A. (2nd) 765 (1946).

The common law principles governing disposition of property through powers of appointment are well established. Property subject to a power of appointment passes directly from the donor to the appointee or taker in default of appointment. It is not the property of the donee.

The rule was stated by our court through Justice Thaxter in construing the will in *Moore* v. *Emery,* 137 Me. 259, 274, 18 A. (2nd) 781 (1941) as follows:

> "In attempting to determine the scope of this right, (to appoint by will) we must bear in mind that the donee of a power of appointment does not hold title to the property which is subject to the power, but merely acts for the donor in the disposition of it. In the ordinary case, therefore, the property is regarded as passing from the donor of the power to the person appointed by the donee to receive it."

See also Restatement, Property § 333; *Shattuck* v. *Burrage,* 229 Mass. 448, 118 N. E. 889 (1918); *Farmer's Loan & Trust Co.* v. *Mortimer,* 219 N. Y. 290, 114 N. E. 389 (1916); *R. I. Hospital Trust Co.* v. *Anthony,* 49 R. I. 339, 142 A. 531 (1928); *United States* v. *Field,* 255 U. S. 257 (1921).

In *Emmons* v. *Shaw,* 171 Mass. 410, 412, 50 N. E. 1033, 1034 (1898), the Massachusetts Court, in holding property subject to a power of appointment was not property of the donee for inheritance tax purposes, said:

> "The Legislature . . . has not attempted, in terms, to deal with property passing under powers of appointment, general or otherwise. It simply has enacted, among other things, that the property of a decedent, passing by will, shall pay a tax, except in certain cases. The construction of the statute must be determined, therefore, by the application to the subject-matter of the ordinary rules of law relating to powers of appointment, and by considering the manner in which those rules have been applied elsewhere to statutes imposing a tax on succession or legacies . . . Generally speaking, what is done under a power of appointment is to be referred to the instrument by which the power is created, and operates as a disposition of the estate of the donor."

In the *Emmons* case the court was construing an 1891 statute on which our first collateral inheritance tax statute of

1893 (P. L., 1893, Chap. 146) was plainly based. Indeed, the present definition of property, Section 43 *supra*, was enacted in like language in 1893, and is almost identical in language with the Massachusetts Act of 1891. *Lederer* v. *Pearce*, 266 F. 497 (C. C. A. 3-1920), 18 A. L. R. 1466 and annot.; *Balch* v. *Attorney General*, 174 Mass. 144, 54 N. E. 490 (1899); *Walker* v. *Mansfield*, 221 Mass. 600, 109 N. E. 647 (1915); *Highfield* v. *Delaware Trust Co.*, 34 Del. 290, 152 A. 117 (1929); *In re Higgins' Estate*, 194 Iowa 369, 189 N. W. 752 (1922).

There is no specific provision in our inheritance tax statute controlling the taxation of powers of appointment. In the absence of statutory authority to tax such powers, we are of the view that the common law principle, namely, that a power is not property, must be given effect. Whether the policy of not subjecting such powers to an inheritance tax is wise is for the legislature, not for the court to consider. Our authority ends with determining the scope of the law enacted by the legislature.

The cases decided by our court and touching the problem do not require the construction of the statute urged by the State Tax Assessor. The statute specifically provides for taxation of property passing "by survivorship in any form of joint ownership." R. S., Chap. 155, Sec. 2-I (C) (1954). We gain no aid from this provision or the cases in which it is discussed in deciding whether a *power* is an *interest in property*. *Gould, Admr.* v. *Johnson*, 146 Me. 366, 82 A. (2nd) 88 (1951); *Weeks* v. *Johnson*, 146 Me. 371, 82 A. (2nd) 416 (1951); *Hallett* v. *Bailey*, 143 Me. 1, 54 A. (2nd) 533 (1947).

In *Matter of Estate of John Cassidy*, 122 Me. 33, 118 A. 725, 30 A. L. R. 474 (1922), the court, in holding that the tax could not be assessed upon a contingent remainder and also that income payable at the discretion of trustees was taxable only on receipt by the beneficiary, said at page 37:

158

> "The tax then, let it be said in repetition, must be laid upon and subtracted from a definitely existing interest; the bare possibility of an interest will not suffice. The duty must be upon that which has passed by the will, within the statute's contemplation, and not on that which may never pass. Which is but another way of saying, that where a contingency makes succession uncertain, the tax assessment must be deferred until uncertainty has become certainty, by virtue of a contingent interest becoming vested in possession, or at least vested in right."

and again at page 39:

> "It was not the purpose of the Legislature, . . . to compel the payment of a tax on a privilege which as to vesting, actually or in right, yet remains impossible of determination. One should not be obliged to pay for that which may never be his."

The case does not involve a general power of appointment. The remainder in no way was dependent upon the exercise of a power, and obviously the trustees could not distribute the additional income to themselves. It does, however, illustrate the need of certainty of interest in determining an inheritance tax.

In *Luques, Appellant,* 114 Me. 235, 95 A. 1021 (1915), the court, after finding there was no power of appointment, approved in a dictum the theory that the taxable event occurs at the exercise of the power. In *Chandler* v. *Kelsey,* 205 U. S. 466 (1906), discussed at length in the opinion, it may be noted that New York by statute specifically provided for a tax on the exercise of a power. The *Luques* case in no way stands for the proposition that a power is an interest in property under our statute, or that in the exercise of the power the property passes from the donee to the appointee. See 18 A. L. R. 1472.

Two cases call for further comment: *Estate of Annie E. Meier,* 144 Me. 358, 69 A. (2nd) 664 (1949) and *Richburg,*

*Appellant*, 148 Me. 323, 92 A. (2nd) 724 (1952). The *Meier* case involved an inheritance tax upon a revocable trust created by the decedent. The issues related to jurisdiction and the effect of time limitations upon the state in seeking a tax.

The property was correctly and without question treated as the property of the decedent. The *Meier* case falls within the principle that a donor with a general power of appointment reserved to himself is the owner for purposes of taxation. Clearly in such instances the donor does not in substance pass effective control from himself. In other words, the donor has given up nothing, and hence what he retains, by whatever name it is called, is the equivalent of ownership.

In the case at bar, by will (and the same result would follow if by deed) the donor placed another in effective control of the disposition of the property. The undetermined fact was whether an appointee of the donee or a beneficiary in default of appointment would take the property of the donor on the death of the donee. *Curry* v. *McCanless*, 307 U. S. 357, 59 S. Ct. 900, 123 A. L. R. 162 (1939) ; *Bullen* v. *Wisconsin*, 240 U. S. 625 (1916).

In the *Richburg* case the will failed for the reason that an executor directed to dispose of personal articles and effects was held "beneficially interested" and hence not a competent witness to the will. R. S., Chap. 169, Sec. 1 (1954). The court considered it immaterial whether the will vested title in the executor for his beneficial use or conferred upon him a power of appointment. The inheritance tax statute was in no way in issue in the case. There is wide difference between the beneficial interest which disqualifies a witness to a will and an interest in property under the inheritance tax statute. The donee of a power is understandably interested in the creation of the power by the donor, whether by deed or by will. The donee gains a power derived from the

donor to control the disposition of the donor's property. To say that a donee is "not beneficially interested under said will" would deny the very existence of the power. It does not follow, however, that the power is an interest in property within the meaning of the inheritance tax statute, and that is the only issue before us.

The issue of whether a power to appoint is an interest in property under the inheritance tax statute is not reached by cases relating to the manner of creating or exercising the power. Whether the will or deed of the donor or donee, as the case may be, is a sufficient instrument, does not determine whether the power is property. For example, an appointment by will is a testamentary act of the donee. In *Thompson* v. *Pew,* 214 Mass. 520, 102 N. E. 122 (1913), the court, in holding the donee was the testator for purposes of the anti-lapse statute, said: "We do not regard this result as in any way inconsistent with that reached in *Emmons* v. *Shaw (supra)* . . ."

We conclude that the testamentary power in the widow was not "property" or "any interest therein" passing to her within the meaning of the inheritance tax law.

We approve of the procedure suggested by the parties in the agreed statement of facts, as follows:

> "If the petitioners prevail the Court may direct that the tax on the widow's share be recomputed by confining the value of the property passing from Edward K. Leighton and taxable to his widow under Paragraph Second of his will to the value of the widow's life estate, and the tax assessed over and above said tax so recomputed shall be abated."

The entry will be

*Case remanded to the Probate Court for entry of a decree sustaining the petition and for further proceedings in accordance with this opinion.*