17432

L. D. MONTAGUE, Administrator of the Estate of Marie D. Montague,
Deceased, Appellant, v. SOUTH CAROLINA TAX
COMMISSION, Respondent

(103 S. E. (2d) 769)

*Messrs. Boyd, Bruton & Lumpkin,* of Columbia, *for Appellant,*

*Messrs. T. C. Callison, Attorney General,* and *James M. Windham, Assistant Attorney General,* of Columbia, *for Respondent,*

June 2, 1958.

Moss, Justice.

B. L. Montague, late a resident of Sumter County, South Carolina, died testate on August 18, 1955, leaving of force and effect his last Will and Testament, which was validly executed and duly admitted to probate in the Probate Court for Sumter County, South Carolina.

The testator, by Item I of his said Will, provided for the payment of his just debts. By Item II of said Will, specific devises and bequests are made to the testator's wife, Mrs. Marie D. Montague. This Item gave to the surviving wife the residence of the testator, together with all of the furniture, furnishings and household goods therein contained, and an automobile. She was likewise given another house and lot located adjacent to the residence property. All of this property was devised to the wife in fee simple.

By Item III of said Will, "All the rest, residue and remainder of my property of whatever kind and description and wheresoever situated, I give, devise and bequeath the same unto my Trustees hereinafter named, IN TRUST, to, for and upon the following uses, trusts and limitations," that is, (a) To take charge of, manage and conserve testator's property, (b) To invest and reinvest any funds of the estate, (c) To sell any of testator's property upon the conditions stated in said Will, (d) To collect income and profits from said estate and property, and to use such income to pay the costs and expenses incident to the management and control of said property, pay any taxes levied or assessed against the same, and to pay for any necessary improvements or repairs incident to the conservation and preservation of any real estate owned by the testator. It is then provided that the Trustees are to use the remaining income for the comfort, support and maintenance of Marie D. Montague, the wife of the testator. It is provided that in the event the net income is insufficient to properly and suitably support and maintain the said Marie D. Montague, or in the event of any illness or

other emergency which may arise, then the Trustees are empowered to make the necessary expenditures for any such purpose from and out of the corpus or principal of the estate.

By Item IV of said Will, it was provided that the income given under Item III for the use and benefit of the wife of the testator, inclusive of any payments of corpus or principal which may be needed as above provided, shall continue for and during the term of her natural life, "together with the further power to my said wife, Marie D. Montague, and with full authority on her part to dispose of the said property by her Last Will and Testament."

Item V of the said Will of B. L. Montague provides that in the event his wife, Marie D. Montague, failed to exercise the power of appointment conferred upon her under Item IV of said Will, or should there remain at the time of her death any property of said estate which may be otherwise undisposed of, then, and in either event, the testator devised and bequeathed such to his three children in equal shares and proportions. This Item then provided as follows: "At the present time I own sixty (60) per cent of the outstanding capital stock of B. L. Montague Company, Incorporated. In the final distribution and settlement of my estate it is my will and I so direct that this stock shall be divided among and distributed to my said three children in equal shares and proportions, that is to say, twenty (20) per cent of said stock to each of said children."

The net amount of the testator's residuary estate was approximately $658,000.00, consisting of miscellaneous securities, cash, real estate and other property, and of this net residuary estate $321,000.00 was in capital stock of B. L. Montague Company, Inc.

Marie D. Montague died intestate October 19, 1956, leaving a net estate of approximately $84,000.00. She was survived by the three children mentioned in Item V of the Will of B. L. Montague. Since Marie D. Montague died intestate, it follows that she did not exercise the power of ap-

pointment and the authority to dispose of the property of her husband as is provided in Item IV of his said Will.

The South Carolina Tax Commission, the respondent herein, assessed an inheritance tax against her net estate plus the entire residuary estate of her husband, B. L. Montague, on the ground that Marie D. Montague possessed a general testamentary power of appointment over said property, and having failed to exercise the said power, the same was taxable under Section 65-461 and 462 of the 1952 Code of Laws of South Carolina.

L. D. Montague, as Administrator of the Estate of Marie D. Montague, deceased, the appellant, herein, seeks a review of the order of the South Carolina Tax Commission assessing an inheritance tax of $27,151.62 against the estate of Marie D. Montague. The tax, as so assessed, was paid under protest, and this appeal was taken pursuant to Section 65-510 of the 1952 Code of Laws of South Carolina. The appeal presents two questions for determination. (1) Did Marie D. Montague have a testamentary power of disposition over the stock of B. L. Montague in B. L. Montague Company, Inc. ? (2) Is property subject to inheritance tax in the estate of the donee with testamentary power of disposition, when such donee dies intestate, thus failing to exercise the power ?

It is the contention of the appellant that the language quoted from the last part of Item V of the Will of the testator takes the stock out of the power of appointment and directs that it be distributed equally to his three children. The respondent contends that under a proper construction of said Will, Marie D. Montague, the wife of the testator, was given and had a testamentary power of appointment not only with respect to the other properties of B. L. Montague, but also with respect to the stock owned in B. L. Montague Company, Inc. This controversy, of necessity, brings up the question of the proper interpretation of the Will of the testator. It must be construed in order to determine whether or not Marie D. Montague had a testamentary power of

appointment with respect to the corporate stock owned by the testator.

In *Rikard v. Miller,* 231 S. C. 98, 97 S. E. (2d) 257, 259, we said:

"It is a fundamental rule that in construing the provisions of a will, the intention of the testator at the time the will is executed, is the primary inquiry of the Court. *Roundtree v. Roundtree,* 26 S. C. 450, 2 S. E. 474. In arriving at the intention of the testator, the will must be read and considered as a whole. *Watson v. Wall,* 229 S. C. 500, 93 S. E. (2d) 918; *Padgett v. Black,* 229 S. C. 142, 92 S. E. (2d) 153."

In the case of *Rogers v. Rogers,* 221 S. C. 360, 70 S. E. (2d) 637, 640 this Court said:

"It is elementary that the cardinal rule of construction is to ascertain and effectuate the intention of the testator, unless that intention contravenes some well-settled rule of law or public policy. While there are certain rules of construction to be followed in seeking such intention, they are subservient to the paramount consideration of determining what he meant by the terms used in his will. *Peoples National Bank v. Harrison,* 198 S. C. 457, 18 S. E. (2d) 1. The same underlying principle was stated by Chief Justice Marshall in *Smith v. Bell,* 6 Pet. 68, 8 L. Ed. 322, as follows: 'The first and great rule in the exposition of wills (to which all other rules must bend) is that the intention of the testator expressed in his will shall prevail, provided it be consistent with the rules of law'."

In the case of *Lemmon v. Wilson,* 204 S. C. 50, 28 S. E. (2d) 792, 800, this Court announced the following rule:

"An interpretation that fits into the whole scheme or plan of the will is most apt to be the correct interpretation of the intent of the testator. In *Quick v. Owens,* 198 S. C. 29, 15 S. E. (2d) 837, 137 A. L. R. 201, quoting from the syllabus, we find: 'In construing a clause in a will the court was required to consider all the words contained in it, also its

relation to other portions of the will, in order to ascertain if possible the testator's real intention.' "

We approach the construction of this Will by undertaking to ascertain the intention of the testator without reference to any rules of construction. It is apparent from Items II and III of said Will that the primary concern of the testator was the comfort, support and maintenance of his wife, Marie D. Montague. To this end he gave her, in Item II of said Will, a residence, together with all the furniture, furnishings and household goods therein contained, and an automobile. He likewise gave her another house and lot adjoining or adjacent to the residence property. This devise was in fee simple. By Item III of the Will he gave to named Trustees "All the rest, residue and remainder of my property of whatever kind and description and wheresoever situated." The net income from this property after the payment of the costs and expenses of management, payment of taxes, and the payment for necessary improvements and repairs, was given for the comfort, support and maintenance of his wife, with the right to the Trustee to encroach upon the corpus or principal of the estate for such purpose. We cannot but conclude that after making the specific devises contained in Item II of said Will, that all other property of every kind and description and wheresoever situated, was bequeathed and devised in Item III, which included the stock owned by the testator in B. L. Montague Company, Inc. The language used is all embracing and all inclusive and there can be no doubt of the testator's intent. He likewise, in Item IV, gave to his wife not only all of the income from the property described in Item III of said Will, but the right to encroach upon the corpus or principal for and during the term of the natural life of his wife. He likewise gave to her the unlimited and unrestricted testamentary power of disposition. The language of Item IV is clear and unambiguous. We cannot but conclude that the testator vested his wife with a testamentary power of appointment to dispose of all of the property referred to

in Item III of the Will, which included the corporate stock of B. L. Montague Company, Inc.

The appellant contends that from the language of Item V of said Will that a specific bequest of the corporate stock of B. L. Montague Company, Inc., to the children was to apply whether or not Marie D. Montague exercised her power of appointment. The appellant asserts that if Marie D. Montague failed to exercise the power, the residuary estate of B. L. Montague should be distributed to the children, but the stock should go equally to the children whether or not she exercised the testamentary power of appointment. If we should adopt this construction of the Will, then we would have to disregard the portion of Item V of the Will which provided "should my said wife, Marie D. Montague, fail to exercise the power of appointment hereinabove conferred upon her, or should there remain at the time of her death *any property* of my estate which may be otherwise undisposed of, then, and in either such event, I give, devise and bequeath all of the same to my three (3) children; * * * in equal shares and proportions." If we but let this clause speak for itself, the meaning is clear that the testamentary power of appointment applied to "any property" of the testator's estate, which was undisposed of as is provided in Items III and IV of said Will. This, of course, included the corporate stock.

It is clear from the language of Item V that should Marie D. Montague fail to exercise the testamentary power of appointment conferred upon her by Item IV of said Will, all of the property was then devised and bequeathed to the three children of the testator in equal shares and proportions. The clause upon which the appellant relies does not enlarge nor cut down the disposal of "any property" of the testator's estate. Item V clearly shows that a power of appointment had been given to Marie D. Montague by the testator. It is actually so designated in said Item. There is nothing in the language used by the testator to show that he intended to remove from the operation of the testamentary power of ap-

pointment the corporate stock owned by him at his death. The superadded words of Item V of the Will do not show an intention on the part of the testator to dispose of his corporate stock in B. L. Montague Company, Inc., in any other manner than that provided should Marie D. Montague fail to exercise the testamentary power of appointment conferred upon her.

In the case of *Bryant v. Britt,* 216 S. C. 299, 57 S. E. (2d) 535, 536, 16 A. L. R. (2d) 666, this Court said:

"* * * It is well established that where an estate or interest is once given by words of clear and ascertained legal significance, it will neither be enlarged nor cut down by superadded words in the same or subsequent clauses, unless they raise an irresistible inference that such was the intention of the testator. *Adams et al. v. Verner,* 102 S. C. 7, 86 S. E. 211; *Love v. Love et al.,* 208 S. C. 363, 38 S. E. (2d) 231, 168 A. L. R. 311; *Peecksen v. Peecksen,* 211 S. C. 543, 34 S. E. (2d) 787."

We conclude that the testamentary power of appointment given to Marie D. Montague by the testator extended to the stock owned by him at the time of his death in the B. L. Montague Company, Inc.

We now consider the question of whether property is subject to inheritance tax in the estate of the donee who has testamentary power of disposition when such donee dies intestate, thus failing to exercise the power.

It is provided in Section 65-461 of the 1952 Code of Laws, as follows:

"A tax is imposed upon the transfer of any property, real, personal or mixed, or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions or corporations, not in this chapter exempted for the support of the State government, in the following cases:

"(1) When the transfer is by will or by the intestate laws of this State from any person dying, seized or possessed of the property while a resident of the State; * * *"

In *Fuller v. South Carolina Tax Commission,* 128 S. C. 14, 121 S. E. 478, 482, this Court said:

"* * * It is well settled that an inheritance tax, in the form here involved, is a tax upon the transfer of property not upon the property itself, imposed upon the theory that the right to transmit or take property by devise or descent is a creature of the law and not a natural right, and therefore the authority which confers the right may impose conditions upon its exercise or enjoyment. *Maxwell v. Bugbee,* 250 U. S. 525, 40 S. Ct. 2, 63 L. Ed. 1124. * * *"

The respondent asserts that when Marie D. Montague, the donee of a testamentary power of appointment created by the Will of the testator, died intestate omitting to exercise such power, the property is nevertheless taxable in her estate. The correctness of the position urged by the respondent has to be determined by the construction of Section 65-462 of the 1952 Code of Laws of South Carolina, which provides as follows:

"Whenever any person, institution or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this chapter, such appointment, when made, shall be deemed a taxable transfer under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will. And whenever any person, institution or corporation possessing such a power of appointment so derived shall omit or fail to exercise it within the time provided therefor, in whole or in part, a transfer taxable under the provisions of this chapter shall be deemed to take place to the extent of such omission or failure in the same manner as though the person, institution or corporation thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

It is clear from the foregoing statute that when any person shall exercise a power of appointment derived from any disposition of property, such an appointment when made is deemed a taxable transfer as though the property to which the appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by the will of such donee. The conclusion is inescapable that an exercise of a testamentary power of appointment is made a taxable transfer. Therefore, if Marie D. Montague had exercised the testamentary power of appointment over the property of her husband, including the stock in B. L. Montague Company, Inc., it would have been taxable in her estate.

In our opinion the statute is equally clear that the failure to exercise the testamentary power of appointment duly given does not have the effect of removing the property as a part of the estate of the donee of such power. The statute provides that where such omission or failure is involved a transfer taxable under the statute nevertheless shall be deemed to take place despite such omission or failure. The statute provides that in the event of the omission or failure to exercise the power "a transfer taxable under the provisions of this chapter shall be deemed to take place to the extent of such omission or failure in the same manner as though the person, * * *, thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure."

In 85 C. J. S. Taxation § 1148, p. 948, the following rule is stated:

"In the absence of a statute providing otherwise, a bequest coming to a beneficiary through failure of the exercise of a power of appointment is regarded as a gift from the creator and not from the donee of the power. Under certain statutes, if the donee of the power fails to make any appointment, appointees are to be regarded as taking under the donee or

appointor, and the death of the donee is the generating source of the succession * * *."

In 28 Am. Jur., Inheritance, Estate, and Gift Taxes, Section 136, at page 80, it is said:

"In some states, it is provided in substance that whenever any person possessing a power of appointment derived from any previous or subsequent disposition of property shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a taxable disposition of property shall be deemed to take place to the extent of such omission or failure, in the same manner as though the persons thereby becoming entitled to the possession or enjoyment of property had succeeded thereto by a will of the donee of the power. However, no tax can be imposed under such statute where no person becomes entitled to the possession of property by reason of the failure of the donee to exercise the power."

The appellant asserts that the case of *Weston v. South Carolina Tax Commission*, 212 S. C. 530, 48 S. E. (2d) 504, 506, should control the decision of this Court. In the *Weston case* it appears that one George E. Gibbon left his estate to his widow for life, with power to her to appoint the whole or any part of the property to such person, or persons, as she should see fit, either by deed or by will, and in default of the exercise of the power the remainder after her death to go to their daughter. Some years after his death, the widow renounced a portion of the power. This Court held that the renunciation was an omission or failure to exercise the power, and that the portion renounced should be deemed inherited by the daughter from the father at the time of the renunciation of the power by the widow. The distinguishing factual situation in the *Weston case* is that the donee of the power executed a formal release of the power with respect to part of the property over which she held the same. Here, there was no release by Marie D. Montague of the power of appointment she held over the property of B. L. Montague. This Court, speaking through Mr. Justice

Stukes, now the distinguished Chief Justice of this Court, said:

"We conclude that by execution of the instrument of June 11, 1943, Mrs. Gibbon validly relinquished the power of appointment vested in her with respect to $150,000.00 of the property which passed to her for life under the will of her husband. That amount became an inheritance which accrued to Miss Gibbon at that time, subject to the life estate therein which was vested in her mother. The terms of subdivision (d) of Sec. 2480 of the Code applied. That section provides that the exercise of a power of appointment of property shall be deemed a taxable transfer at the time of such exercise, the same as if the property so disposed of were that of the donee of the power and was bequeathed or devised by the latter's will; that when the donee of a power shall omit or fail to exercise it, in whole or in part, it shall constitute a taxable transfer of property and this provision shall apply, quoting the statute, 'at the time of such omission or failure.' The time in this case was June 11, 1943, when Mrs. Gibbon executed the release of the power to the extent of $150,000.00. Under the statute as written Miss Gibbon then became subject to, and liable for the payment of, the taxes imposed."

The United States Supreme Court has held in a number of cases that for the purpose of estate and inheritance taxation the power to dispose of property at death by the exercise of a power of appointment is the equivalent of ownership. *Curry v. McCanless*, 307 U. S. 357, 59 S. Ct. 900, 83 L. Ed. 1339, 123 A. L. R. 162. *Graves v. Schmidlapp*, 315 U. S. 657, 62 S. Ct. 870, 872, 87 L. Ed. 1097, 141 A. L. R. 948. From the *Graves case* we quote the following:

"For purposes of estate and inheritance taxation the power to dispose of property at death is the equivalent of ownership. *Bullen v. Wisconsin*, 240 U. S. 625, 36 S. Ct. 473, 60 L. Ed. 830; *Whitney v. State Tax Commission*, 309 U. S. 530, 538, 60 S. Ct. 635, 638, 84 L. Ed. 909, [913]; see Gray, Rule Against Perpetuities, 3d ed. 1916, § 524. It

is a potential source of wealth to the appointee. The disposition of wealth effected by its exercise or relinquishment at death is one form of the enjoyment of wealth and is an appropriate subject of taxation."

In the case of *Wachovia Bank & Trust Co. v. Maxwell,* 221 N. C. 528, 20 S. E. (2d) 840, 843, 150 A. L. R. 1273, the Supreme Court of North Carolina said:

"When the property passes through a failure to exercise a power of appointment or other incident of control or disposition of the benefit, termination of the power of control at the time of the death inures to the benefit of him who owns the property subject to the power and thus brings about, at death, the completion of that shifting of the economic benefits of property which is the real subject of the tax, just as effectively as would its exercise, which latter may be subjected to a privilege tax. *Chase National Bank v. United States,* 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388."

We reach the conclusion that the respondent committed no error in concluding that since Marie D. Montague possessed a testamentary power of appointment over the property of her husband, B. L. Montague, including the stock in B. L. Montague Company, Inc., and such power of appointment not having been exercised by the appointee, it was proper to include in the estate of Mrs. Marie D. Montague the value of the stock for inheritance tax purposes.

Having reached the foregoing conclusion, such stock is taxable under the provisions of Section 65-462 of the 1952 Code of Laws of South Carolina. Hence, Section 65-474 of the 1952 Code of Laws of South Carolina has no application.

The Order of the Tax Commission is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.