THELMA M. GOULD, ET AL.
*vs.*
ERNEST H. JOHNSON

Androscoggin.   Opinion, November 7, 1960.

*Skelton & Taintor,* for plaintiffs.
*Ralph W. Farris,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J. On report. This was a complaint brought pursuant to the provisions of R. S., Chap. 155, Sec. 33 seeking abatement of an inheritance tax. In 1952 Gould & Scammon, Inc. established a profit sharing plan and trust naming the Manufacturers National Bank of Lewiston as trustee and providing for annual contributions by the employer for the benefit of its participating employees. Contributions to the trust were to be made only by the employer corporation. The plan was carefully prepared so that it might fully qualify for exemptions from federal taxation as provided by legislation currently in effect. In essence the plan provides for retirement benefits and a death benefit. The contributions out of net earnings are determined by formula. The share of each participating employee in the trust fund is likewise determined by formula in which the factors are salary or wages and continuity of employment. The plan is for the sole benefit of the participating employees and there is no possibility of reversion of any part of the trust fund to the employer. The trustee is to keep a separate account with respect to each participating employee, although the fund is to be managed and invested as a whole. Upon retirement as a result of age or disability, the share of the participating employee is to be determined and paid to him either in the form of an annuity contract or in instalments or in a single sum or by a combination of these methods as the trustee may determine. In event of the death of such an employee either while actively employed or during his retirement and before his share has been fully distributed, that share or the remainder of it is to be paid to the person or persons named by the participant in the last written document filed by him with the trustee. If no such designation has been filed, payment is to be made to the employee's estate. Upon termination of the trust, the fund is to be dis-

tributed to the participants in accordance with their interests. Upon termination of employment other than through retirement or death, the employee may forfeit part or all of his share depending on the length of his employment, but if employed for fifteen years or more there is no forfeiture. The employee's interest is protected by a spendthrift clause which forbids alienation, commutation, anticipation or assignment by him and puts his interest beyond the reach of his creditors. The employer may terminate, alter or amend the trust, but not so as to reclaim any part of the fund.

Ralph A. Gould, Sr., a salaried employee and participant in the fund, designated his wife, Thelma M. Gould, one of these plaintiffs, as the person to receive the death benefit. Mr. Gould died while still actively employed by the company and his share, computed to be $15,765.01, was paid to his widow. The State Tax Assessor, defendant here, imposed an inheritance tax against her based upon said sum passing to her from the trust at the death of her husband. Abatement is sought as to the whole tax amounting to $630.60.

The plaintiffs contend that the funds passing to the widow flowed in a direct stream from the employer corporation through the trustee to her and were never "property" or an "interest in property" in any sense acquired or owned by the decedent. They assert that at most decedent had only a "mere expectancy" coupled with a special and limited power of appointment, neither of which subjects the succession to inheritance tax.

R. S., Chap. 155, Sec. 2 contains as the only language applicable to this situation the following:

> "Sec. 2. **Property taxable; exemptions.** The following property shall be subject to an inheritance tax for the use of the state:

**I.** All property within the jurisdiction of this state *and any interest therein* belonging to inhabitants of this state * * * which shall pass: * * *

> **B.** By deed, grant, sale or gift except in case of a bona fide purchase for full consideration in money or money's worth, * * * made or intended to take effect in possession or enjoyment after the death of the grantor or donor to any person in trust or otherwise."

(Emphasis ours.)

The issue is then whether or not the decedent had an "interest in property" which by grant he transferred to his widow to take effect in possession or enjoyment after his death, all within the meaning and intendment of the statute. The question is novel in this jurisdiction and although we are aided by statements of general principles by the courts of other states, no case has been called to our attention in which both the applicable statute and the terms of the profit sharing trust are exactly like those now before us.

In a case which seems to us to involve greater difficulty in the identification of an interest in "property" than is found in the instant case, the Connecticut court declared the succession to be taxable. In *Dolak* v. *Sullivan* (1958), 145 Conn. 497, 144 A. (2nd) 312, the court was dealing with a non-contributory retirement plan for employees. The plan was not funded and did not involve a trust. Under its terms the decedent would have received benefits after retirement. If his employment should cease before retirement for any cause other than death, he would be automatically and completely withdrawn from the plan. In event his death occurred during active employment, the widow would receive a death benefit payable in twelve monthly instalments unless the decedent (as he in fact did) elected that she should receive a monthly annuity during her life. The commuted

value of the annuity was substantially greater than the alternative benefit. The plan was revocable by the employer without limitation. Connecticut imposed a tax on transfers of "property" made "by gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor." The issue was clearly raised as to whether the tax fell only on "property" owned in the usual and strict sense by the decedent at the time of transfer. The lower court held that the decedent under the retirement plan had at most a "mere expectancy" rather than "property" in the statutory sense. The Supreme Court of Errors noted that the retirement plan was a contract for which decedent employee continuously furnished consideration by his continued employment. Although the obligations thereunder could have been terminated by the employer by the exercise of its reserved power of discontinuance or modification, they never were. The widow's right to possession or enjoyment under the contract did not become fixed until the decedent's death. The court said that this was more than a mere power of appointment such as might be gratuitously conferred by will — that this was a contractual right based on consideration to designate who, under certain contingencies, should receive benefits under an annuity contract. As such, the court held the designation taxable as a transfer of intangible property which took effect upon the death of the transferor. We cite this case primarily for its acceptance of the principle that continued service and employment are consideration for an interest which the employee thus acquires which takes on the attributes of "property" for tax purposes.

An underlying concept that the interest acquired by the employee is in the nature of deferred compensation was apparently a motivating factor in the decision in *In re Endemann's Estate* (1954), 307 N. Y. 100, 120 N. E. (2nd) 514. Here the employee at retirement could accept an annuity

for his own life or, at his option, an annuity in a reduced amount for his own life and the life of his wife if she survived him. He chose the latter and the court found the exercise of the option to be a taxable transfer of property. At page 518 of 120 N. E. (2nd) the court said:

> "Here, Endemann had built up for himself, by contributions of money and services, a fund which, at retirement, he had a contractual right to dispose of in any one of several ways—he chose a way which involved a transfer to his wife, effective at his death."

Although the decedent in Endemann gave up part of the benefit which he might have had for himself alone in order to create the benefit for his wife, the case does not seem to rest on such a narrow ground.

So, also, in *In re Stone's Estate* (1960), 103 N. W. (2nd) (Wis.) 663, a case involving a joint and survivor option, the court laid emphasis on the concept of deferred compensation as the equivalent of "property" for tax purposes. At page 666, the court said:

> "In the case before us, the assets in the trust fund devoted to carrying out the plan are property. In at least a broad sense, Mr. Stone had a valuable interest in the fund. This interest could have been destroyed, or defeated by various contingencies. The question before us is whether the existence of these contingencies prevent treatment of the interest transferred to Mrs. Stone as 'property' under (the applicable statute). The remoteness of the contingencies convinces us that he had a contingent or defeasible property interest, rather than a mere expectancy that payments would be made upon his retirement or death."

After discussing *Dolak* v. *Sullivan, supra,* and noting that the plan in *Dolak* was not funded, the court continued:

> "The existence of a trust fund for the fulfilment of the plan makes the case before us a stronger one."

Accordingly, Stone's election to accept an annuity providing smaller monthly payments but extending over the life of his widow if she survived him was deemed taxable under a statute, the pertinent portions of which imposed an inheritance tax "when a transfer is of property, made without an adequate and full consideration in money or money's worth * * * by * * * gift, intended to take effect in possession or enjoyment after the death of the * * * donor * * * ." We note no material distinction between this statute and our own.

In *In re Daniel's Estate* (1953), 159 Ohio St. 109, 111 N. E. (2nd) 252, the court was dealing with an employees' profit sharing trust bearing many similarities to the one before us. The statute taxed a succession by "grant" or "gift" without consideration and "intended to take effect in possession or enjoyment at or after (the) death" of the "grantor" or "donor." The trust fund was created entirely by the employer without any right to reversion. Upon the death of an employee, his share of the fund passed to his designated beneficiary, or if no such designation, then to his estate. The trustee maintained a separate account of the share of each employee. The designated beneficiary would take at the death of the employee only if the latter had remained actively employed until his death or retirement and if retirement benefits had not exhausted the share. The widow was so designated and in fact took the entire share. The opinion does not disclose whether or not the employer reserved under the plan rights of termination, alteration, and amendment similar to those involved in the instant case. The court held that the tax was properly imposed on the succession to "property."

The defendant readily concedes that a limited and special power of appointment is not "property" and if the decedent here had no greater interest, the exercise of such a power would not be taxable. *Boston Trust Co.* v. *Johnson, Asses-*

*sor,* 151 Me. 152. In 1957 the Legislature enacted a new Sec. 6A of R. S., Chap. 155 which makes an unconditional general power of appointment the equivalent of ownership, but that provision is not applicable here.

In *Estate of Annie E. Meier,* 144 Me. 358, the decedent had parted with legal title but had retained control of her property by means of a revocable trust reserving a general power of appointment. In distinguishing that case in our opinion in *Boston,* we recognized that not every attribute of common law "property" need be present in order to make succession to "property" taxable within the meaning of the inheritance tax statute. We said at page 159:

> "The Meier case falls within the principle that a donor with a general power of appointment reserved to himself is the owner *for purposes of taxation.* Clearly in such instances the donor does not *in substance* pass effective control from himself. In other words, the donor has given up nothing, and hence what he retains, by whatever name it is called, is *the equivalent of ownership.*" (Emphasis supplied.)

So in the instant case we think that the interest of the decedent in the trust fund, comprising what was in effect deferred compensation earned by him through loyal service, was not only more than a mere expectancy but was the "equivalent of ownership" for "purposes of taxation." Thus the designation of the widow as beneficiary was more than the exercise of a limited power of appointment over the property of another—it was a "grant" of an "interest in property" within the meaning of R. S., Chap. 155, Sec. 2 intended to and in fact taking effect upon the death of the decedent. The designation served effectively to change the flow of economic benefits in which decedent had acquired an interest away from his estate and to the widow.

In so holding we are mindful that taxation is the rule and exemption the exception, and the burden is upon him who

would claim the exemption. *MacDonald* v. *Stubbs,* 142 Me. 235. We anticipate a substantial increase in the use of such profit sharing trusts. Congress has looked upon them with favor and has encouraged their use by providing substantial tax advantages which are available whenever certain standards are met. We do not think that such plans should become an easy device for the avoidance of state inheritance taxes unless and until the Legislature has seen fit to accord them favorable treatment by providing a specific exemption. As the taxing statute is now written, we are satisfied that it is broad enough and was intended by the Legislature to cover such a transfer of an interest in a trust fund as is found here.

The trustee has filed a motion which we treat as seeking leave to intervene as a party claiming to be affected by the decision in this case, all as provided by Rule 24(a). The parties agree that such action is proper and no objection is made.

As already noted, the issues of law here presented are novel and important and there is no occasion for any party to recover costs.

The entry will be

> *Motion to intervene granted.*
>
> *Abatement denied. Judgment for defendant without costs.*