**Raymond V. N. BLISS, Jr., and Arthur R. Bliss, Co-Executors u/w/o Julia R. Bliss and the National Shawmut Bank of Boston, Trustee under a certain Inter Vivos Trust created by Raymond V. N. Bliss**

v.

**Ernest H. JOHNSON, State Tax Assessor.**

Supreme Judicial Court of Maine.

Oct. 12, 1966.

Allan Woodcock, Jr., Bangor, Pierce, Atwood, Scribner, Allen & McKusick, by Jotham D. Pierce, Portland, for plaintiffs.

Jon R. Doyle, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, SULLIVAN, MARDEN and RUDMAN, JJ.

TAPLEY, Justice.

On report. This action is before us upon complaint and answer for such final decision as the rights of the parties may require.

On April 5, 1937 Raymond V. N. Bliss, husband of Julia R. Bliss, created an Inter

Vivos Trust. The National Shawmut Bank of Boston is the sole Trustee. Mr. Bliss died on May 2, 1961. The trust established a marital trust known as "Trust Fund A" for the benefit of Julia R. Bliss, wife of Raymond V. N. Bliss. The trust provided for a general testamentary power of appointment in Julia R. Bliss. The power of appointment is couched in the following language:

"Upon the death of said Julia R. Bliss, the Trustee shall pay over, transfer and convey all the remaining Trust Property (of Trust Fund A) and any accrued or unpaid income thereon to such persons or organizations including the estate of Julia R. Bliss, her creditors or creditors of her estate as she may by a will specifically referring to this power, appoint and in default of such appointment, the then remaining principal of Trust Fund A shall be added to and become a part of the principal of Trust Fund B to be held and administered as hereinafter provided in Article 4."

Julia R. Bliss died testate on August 15, 1963. Defendant in his answer "admits that no specific exercise of the power was made by Julia R. Bliss." Mrs. Bliss in her last will and testament made various bequests and devises to a number of people containing a residuary clause naming a granddaughter, Julia Ladd Bliss, as beneficiary, and in the event she did not survive the testatrix, then to Jean D. Bliss. Mrs. Bliss did not make any bequests specifically referring to the power of appointment

The defendant contends: (1) that the provisions of 36 M.R.S.A., Sec. 3466 provide for the taxation of property by general powers of appointment whether specifically exercised or not and (2) that a power of appointment may be exercised by a residuary clause in a will.

"*Sec. 3466. General powers of appointment*

"For all purposes of chapters 551 to 573, an unconditional general power of appointment shall be regarded as absolute ownership of the interest in property subject to the power. By unconditional general power of appointment is intended a power which may be exercised at the pleasure of the holder in favor of himself, his estate or his creditors."

In 1957 the Legislature enacted legislation (36 M.R.S.A., Sec. 3466) which declares that "an unconditional general power of appointment shall be regarded as absolute ownership of the interest in property subject to the power." Under this section there can be no question but that the testatrix, Julia R. Bliss, had absolute ownership of the interest in the property subject to the power. Gould et al. v. Johnson, 156 Me. 446, 166 A.2d 481.

In 1955 this court, in Boston Safe Deposit and Trust Co., Executor et al. v. Johnson, 151 Me. 152, on pages 155, 157, 116 A.2d 656 on pages 658, 659, in treating of a power of appointment, said:

"We are concerned only with an inheritance or succession tax upon the creation of the power of appointment by the testator's will. * * * The test is not what the widow did or failed to do, but whether the power of appointment was an interest in property under the inheritance tax statute. Further, *the event which the State seeks to tax is the creation of the power in the widow*, not the passing of the property to the beneficiaries taking in default of appointment." (Emphasis supplied.)

"There is no specific provision in our inheritance tax statute controlling the taxation of powers of appointment. In the absence of statutory authority to tax such powers, we are of the view that the common-law principle, namely, that a power is not property, must be given effect. Whether the policy of not subjecting such powers to an inheritance tax is wise is for the Legislature, not for the Court to consider. Our authority ends

with determining the scope of the law enacted by the Legislature."

The Boston Trust Co. case is obviously the reason for the enactment of Sec. 3466 legislating absolute ownership of the property subject to the power in the donee. Under Sec. 3466 it makes no difference whether Mrs. Bliss exercised her power of appointment or not because by force of the statute she had "absolute ownership" of the property. In Boston Trust Co. we held that without statutory authority powers of appointment were not taxable and, further, we stated that the policy of taxing powers of appointment was not for the court but the Legislature to determine. Subsequent to the pronouncements in Boston Trust Co. the Legislature enacted Sec. 3466. It becomes apparent under these circumstances that the Legislature intended that the property under powers of appointment, whether exercised or not, should be taxable.

Mrs. Bliss, under the appointment, was clothed with authority to dispose of the property by her last will and testament but if she did not choose to exercise the power the remaining principal would become a part of Trust Fund B under the will of her husband, Raymond V. N. Bliss. She, with knowledge of the terms of the power, decided not to make any testamentary dispositions under it and, therefore, determine that it become a part of the principal of Trust Fund B.

" * * * most legislatures which have undertaken to deal expressly with powers of appointment in connection with death taxes have done so with the aim of making the appointive property taxable as a transfer from the *donee*. Approximately half of the states have inheritance tax statutes * * * which provide that the exercise of a power of appointment, or (in most) the failure to exercise it, shall be deemed a transfer from the donee taxable as though he had owned the property and it had passed from him by will

or by intestacy. Unlike the federal legislation these statutes, with the exception of those of Delaware, the District of Columbia and Texas, make no distinction between general and special powers, the appointive property being taxable as a transfer from the donee in either case." (Citing the Maine Statute, P.L.1957, Chap. 181). Vol. V American Law of Property, Sec. 23.24(b).

See also Restatement, Property, Sec. 333, comment C on page 502, 1948 Supplement.

In First National Bank of Minneapolis v. Commissioner of Taxation, 250 Minn. 122, 84 N.W.2d 55, the court was concerned with the statute providing that property under a power of appointment, whether exercised or not, should be deemed a taxable transfer. The court, on page 59, said:

"The important consideration here is that the decedent has had an opportunity to control the succession. By failing to appoint, he has by necessary implication indicated that those named in the instrument to take upon a default in the exercise of the power should enjoy the right and privilege of receiving the property. * * * Since a donee has control over the ultimate disposition of the property, he is treated as an outright owner for tax purposes * * *.

"Since the decedent donee in this case was vested with the power of appointment, and had both the opportunity and the capacity to exercise that power, his right to control succession existed not only in theory but in fact and supplied the statutory basis for the imposition of the inheritance tax."

See also Montague v. South Carolina Tax Commission, 233 S.C. 110, 103 S.E.2d 769.

■ Although Sec. 3466 does not specifically provide that property under a power of appointment, whether exercised or not, is transferred or passed upon the death of the donee, the reason for the legis-

lation supports the conclusion that it was the intention of the Legislature to subject all property under a power of appointment upon the death of the donee to an inheritance tax.

Mrs. Bliss, being the donee of the power under the statute, is considered the owner of the property. She had a testamentary right to dispose of the property by will, or if the power was not exercised it went by default to Trust Fund B. In either event she had complete control of the succession. It passed to Trust Fund B, the taker, by non-exercise of the power.

We conclude that the property controlled by the power of appointment is subject to an inheritance tax.

The entry will be,

Remanded to the Superior Court for action in accordance with this opinion.

SULLIVAN, J., sat at argument but retired before the opinion was adopted.